Dwayne STOVALL

v.

**HORIZON OFFSHORE CONTRACTORS, INC., a/k/a Horizon Offshore, Inc.**

No. Civ.A. 03–1050.

United States District Court, E.D. Louisiana.

Aug. 4, 2004.

Gerald C. deLaunay, Perrin, Landry, deLaunay & Durand, Lafayette, LA, for plaintiff.

John M. Sartin, Jr., Cornelius, Sartin & Murphy, New Orleans, LA, for intervenor.

Patrick J. McShane, Lara Namer Di-Cristina, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA, for defendant.

## ORDER AND REASONS

VANCE, District Judge.

Plaintiff Dwayne Stovall moves the Court in limine to exclude at trial evidence of "any and all criminal records pertaining to Plaintiff." Defendant Horizon Offshore Contractors, Inc. opposes the motion. For the following reasons, the Court grants Stovall's motion in part and denies it in part.

## I. FACTS AND PROCEDURAL BACKGROUND

In July 2002, plaintiff Dwayne Stovall, an employee of U.S. Welding Service, Inc., worked aboard the M/V PECOS HORIZON, a barge operated by defendant Horizon Offshore Contractors, Inc. The PECOS HORIZON was then docked at Sabine Pass, Texas.

Stovall alleges that he suffered severe trauma to his neck and back when a temporarily constructed umbrella and/or umbrella stand fell on him. In April 2003, Stovall sued Horizon in this Court under maritime law, alleging that the accident occurred as a result of the negligence of

one or more of Horizon's employees in allowing the construction and continued existence of a dangerous condition on board the vessel.

Under Federal Rule of Civil Procedure 26, Horizon disclosed to Stovall that it intended to introduce as an exhibit at trial "any and all criminal records pertaining to Plaintiff." Stovall now moves in limine to exclude this evidence under Federal Rules of Evidence 404(b), 608, and 609. Stovall also moves to exclude any evidence of his "contentious relationship with his former girlfriend." Stovall argues that this evidence is irrelevant to the measure of damages he allegedly sustained in the accident.

On May 21, 2004, Stovall pleaded guilty to two counts of simple battery in state court. Horizon filed a Supplemental Memorandum in Opposition to the Motion in Limine. It now seeks to introduce evidence of Stovall's conviction and guilty plea.

## II. Discussion

Horizon seeks to introduce plaintiff's criminal record as evidence of Stovall's physical ability after his July 21, 2002 accident on board the M/V PECOS HORIZON. Stovall argues that the Court must exclude this evidence under three Rules of Evidence. Stovall first argues that this evidence is inadmissible under Federal Rule of Evidence 609. Rule 609 permits the admission of evidence of a witness's criminal record to attack his credibility if "the crime was punishable by death or imprisonment in excess of one year" or the crime "involved dishonesty or false statement," regardless of the punishment. FED.R.EVID. 609. Stovall contends that his conviction does not meet the criteria spelled out in Rule 609 and, for this reason, his criminal record and plea are inadmissible. Horizon argues that Rule 609 does not apply to evidence of Stovall's

criminal record or plea because it does not seek to introduce that evidence for the purpose of attacking Stovall's credibility. Instead, Horizon argues that the evidence is admissible as relevant to an issue of material fact, namely, the extent and nature of the plaintiff's injuries. *See United States v. Lopez*, 979 F.2d 1024, 1033–34 (5th Cir.1992). In other words, Horizon seeks to introduce evidence of Stovall's criminal record and plea in order to contradict evidence that relates to the extent of Stovall's injuries after his accident.

■■■ It is well-established Fifth Circuit law that Rule 609 bars only evidence that is "offered ... on the theory that people who do certain bad things are not to be trusted to tell the truth." *United States v. Johnson*, 542 F.2d 230, 234–35 (5th Cir.1976). When evidence has a "surer value in that it directly contradict[s] the position taken by the witness," Rule 609 does not bar introduction of the evidence. *Id.* at 235. The Fifth Circuit has explicitly held that Rule 609 does not apply " 'in determining the admissibility of relevant evidence introduced to contradict a witness's testimony as to a material issue.' " *Lopez*, 979 F.2d at 1033 (citing *United States v. Opager*, 589 F.2d 799, 801–02 (5th Cir.1979)). Indeed, Rule 609 applies only to evidence introduced "[f]or the purpose of attacking the credibility of a witness." *Id.* Horizon does not seek to introduce evidence of Stovall's criminal record, plea, and his alleged contentious relationship with his ex-girlfriend in order to attack his credibility. It seeks to introduce the evidence in order to contradict Stovall's evidence of physical disability after the accident. For these reasons, Rule 609 is inapplicable here.

Stovall further argues that Federal Rule of Evidence 608 bars the introduction of the challenged evidence. Rule 608 prohibits the use of extrinsic evidence of specific

instances of conduct to attack a witness's character for truthfulness. *See* FED. R.EVID. 608. Horizon argues that the principles of relevance under Federal Rule of Evidence 402 and prejudice under Federal Rule of Evidence 403 control the admissibility of evidence of past convictions for purposes other than an attack on a party's credibility. Horizon asserts that Rule 608, which addresses the introduction of extrinsic evidence of specific instances of conduct for purposes of attacking the character of a witness for truthfulness, does not apply.

■ Rule 608, like Rule 609, is simply inapplicable to Horizon's proposed use of the evidence of Stovall's criminal record, plea, and physical relationship with his former girlfriend. As the Fifth Circuit has held, "Rule 608(b) [is] inapplicable in determining the admissibility of relevant evidence introduced to contradict a witness's testimony as to a material issue." *United States v. Opager,* 589 F.2d 799, 802 (5th Cir.1979). Specifically, the *Opager* court held that although Rule 608 prohibits admission of extrinsic evidence to attack a witness's character for truthfulness, it does not apply to evidence introduced to disprove a specific fact material to a party's claim. *See id.* The Court further noted that, "[a] witness may be contradicted on a material point by the testimony of other witnesses showing a contrary state of facts...." *Id.* (quoting *United States v. Halperin,* 441 F.2d 612, 617 (5th Cir. 1971)). Horizon's seeks to admit the evidence to contradict any evidence offered by Stovall as to his physical abilities after his accident. Rule 608 does not bar admission of evidence that will contradict Stovall's evidence of the nature and extent of his injuries, specific facts that are material to his claim. *See Opager,* 589 F.2d at 802.

As to Rule 404(b), this provision prohibits evidence of "other crimes, wrongs, or acts to prove the character of a person to show action in conformity therewith." FED.R.EVID. 404(b). Rule 404(b) applies to the introduction of evidence of "crimes, wrongs, or acts" for the purpose of showing that the person is prone to similar acts. *Huddleston v. United States,* 485 U.S. 681, 685–86, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). Horizon does not seek to introduce evidence of Stovall's criminal conviction and plea in order to show his disposition to commit similar acts, but in order to dispute evidence offered by Stovall as to the extent and nature of his injuries.

■ The Fifth Circuit formulated a two-part test for the admission of extrinsic "other acts" in *United States v. Beechum,* 582 F.2d 898, 911 (5th Cir.1978). The Court must determine whether (1) the evidence is relevant to an issue other than the party's character, and (2) as Rule 403 mandates, the probative value of the evidence is not substantially outweighed by its prejudicial impact. *See id.* Rule 404(b) lists the possible other uses of "other act" evidence, but the list is not exclusive. *See* FED.R.EVID. 404(b); *see also United States v. Johnson,* 872 F.2d 612, 623 (5th Cir. 1989) (finding that "other purposes" in Rule 404(b) are not exclusive).

The Court finds that while defendant has advanced a plausible theory of relevance, it has not made a concrete showing of relevance as to Stovall's conviction and plea. Defendant argues that the evidence is relevant to show that plaintiff's physical condition and capability following his alleged accident are not what he contends, which are material issues in this litigation. (*See* Def.'s Opp. Mot. Limine, at 5). It is true that evidence of Stovall's physical capability after his accident is relevant to the nature and extent of his physical injuries, but defendant's conclusory argument that the evidence in issue is probative of this falls short of the mark. First, defendant

does not identify the specific evidence of the plea and convictions that it intends to use, whether documentary or testimonial. Simple battery in Louisiana is defined as the intentional use of force or violence upon the person of another. *See* LA.REV. STAT. § 14:35. Indeed, spitting on a victim can constitute simple battery in Louisiana. *See State v. Lachney,* 621 So.2d 846, 847–48 (La.Ct.App.1993). Without seeing the evidence defendant proposes to use, it is not apparent that the evidence in issue shows anything about Stovall's physical condition. The evidence may simply reflect that Stovall pleaded guilty and was convicted of two counts of simple battery. It is the conduct that underlies Stovall's plea to simple battery that could be relevant to contradict his assertions of physical disability, not the plea or conviction itself.

■ Further, Horizon points to no specific evidence as to what Stovall contends his post-accident condition is—no deposition testimony, no expert report, and no other evidence of what he contends his limitations are. The complaint provides no specifics either. The Court cannot determine the relevance of the evidence of his plea and convictions without being able to compare this evidence to Stovall's asserted physical limitations. Based on this record, Horizon has not shown the relevance of evidence of the fact of Stovall's plea and convictions for simple battery. Moreover, absent a clear showing of relevance, the prejudicial effect of this evidence outweighs its probative value. *See* FED. R.EVID. 403. For all of the foregoing reasons, evidence of the fact of the plea and convictions is excluded.

■ The testimony of Stovall's girlfriend about his conduct is a different matter. Although the Court has seen no evidence of Stovall's physical limitations that her testimony purportedly contradicts, her testimony about what he could do physically after the accident could contradict his assertion of disability. However, unless Stovall asserts that he is unable to use his arms, the Court does not find that evidence that Stovall slapped his girlfriend, grabbed her, or pulled her by the hair is probative of whether he is disabled. Further, the Court will not permit testimony that narrates the details of the downward spiral of the couple's abusive relationship, such as was elicited in sordid detail at the girlfriend's deposition. Nor will the Court permit her to testify that she reported Stovall to the police for physical abuse. Stovall's brutish behavior is simply not relevant unless it contradicts his asserted physical limitations.

The Court will reserve further rulings on the testimony of Stovall's girlfriend until her testimony is offered, but it gives the parties the following guidance. The evidence of Stovall's physical treatment of his girlfriend must contradict specific physical limitations asserted by Stovall. This ruling applies to evidence of Stovall's physical treatment of his girlfriend and is not intended to limit her testimony about Stovall's statements or other conduct that indicate that his physical suffering or capabilities are not as he claims, such as evidence that he washed cars, climbed through windows, or sold his medications after the accident. Stovall's girlfriend may also testify that he fell on his back after the accident and that he threatened her not to "mess up" his lawsuit. The Court will rule on the remainder of this witness's testimony at the time that it is offered.

**III. Conclusion**

For the foregoing reasons, the Court grants in part and denies in part Stovall's motion in limine.