621 So.2d 846 (1993)
STATE of Louisiana
v.
Russell LACHNEY.
No. 93-KA-123.
Court of Appeal of Louisiana, Fifth Circuit.
June 9, 1993.
*847 Gregory A. Miller, Norco, for defendant-appellant.
Before GAUDIN, GRISBAUM and CANNELLA, JJ.
GRISBAUM, Judge.
In this criminal matter, the defendant appeals his conviction of simple battery, a violation of La.R.S. 14:35. We affirm the conviction and remand the matter for resentencing.
The principal question presented is whether the act of one person spitting upon another constitutes a criminal battery.

BASIC RECORD FACTS AND PROCEDURAL HISTORY
The defendant, Russell Lachney, was charged by a bill of information, filed on October 28, 1992, with simple battery in violation of La.R.S. 14:35 and criminal damage less than $500 in violation of La.R.S. 14:56. The defendant was arraigned on October 28, 1992 and pled not guilty. A bench trial was held on December 16, 1992, at which defendant was found guilty on both counts. A single sentence was imposed for both counts.
Defendant and the victim, Jeremy Matherne, each admitted that they were enemies. There appears to be a history of altercations between the two young men. It seems that, on October 12, 1992, the two men encountered each other at the home of a Dana Claimont. According to Mr. Matherne, the defendant approached him and asked him if he wanted to fight, to which Mr. Matherne replied, "No." Mr. Matherne said the defendant responded by spitting on him, throwing a cigarette in his car, and kicking the car's door.
ANALYSIS
Battery is defined by La.R.S. 14:33, which reads, "Battery is the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another." La.R.S. 14:35 defines simple battery as follows: "Simple battery is a battery committed without the consent of the victim. Whoever commits a simple battery shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both."
We see that the defendant, in brief, admits that spitting upon another is both obnoxious and offense but does not rise to the level of criminal battery. He also argues that spitting does not constitute "the use of force or violence upon the person of another," as prescribed by our statutory scheme. Additionally, in addressing the second paragraph of the battery definition, he finally claims that "[h]uman spit is just as harmless as water," and therefore is not a noxious substance. We disagree with each and every contention made by the defendant.
We initially note that there is a vacuum in our jurisprudence in the presentation of the exact question of whether one spitting on another constitutes a simple battery. Ergo, the question is res nova. Importantly, however, we turn to LaFave & Scott's "Handbook on Criminal Law," § 81, p. 604, which states:
As indicated above battery is a crime which is defined, like murder and manslaughter, in terms not only of conduct but also of a specified result of conduct. The required result for battery might be termed "bodily injury" so as to include such obvious matters as wounds caused by bullets or knives, and broken limbs or bruises inflicted by sticks, stones, feet or fists. A temporarily painful blow will suffice, though afterward there is no wound or bruise or even pain to show for it. But, in addition to these more obvious bodily injuries, offensive touchings (as where a man puts his hands upon a girl's body or kisses a woman against her will, or where one person spits into *848 another's face) will suffice for battery except in a few jurisdictions.
(Footnotes omitted.)
We agree.
More importantly, we find that the intentional act of spitting on another in this instance constitutes criminal violence upon the victim. Therefore, the trial court was eminently correct in finding that a battery was committed.
Finally, we note the trial court imposed the following sentence, to wit:
THE COURT:
Okay. The Court finds the defendant guilty. And I'm going to sentence him to six months in parish jail, which will be served on weekends. I'm also going to order him to begin going back to school. I understand you haven't been to school since October, since your October suspension; is that right?
MR. LACHNEY:
Right.
THE COURT:
Okay. You're still on probation in your juvenile case, and that's an additional condition I'm going to add there. You were supposed to have served six months in parish prison on this juvenile case.
And that's it. Six months on weekends, Friday at six o'clock until Monday at eight, and get yourself back in school. Document to the Court by January the 1st that you are back in school. Take him upstairs to check in, please. Let's see. Susan, you're going to check him in here now. And then you go upstairs so that you canthey'll know that you're coming back at six o'clock. Okay.

ERROR PATENT
Under our standard of error patent review, we find an error occurred involving the condition of probation imposed by the trial judge, which requires the defendant to begin attending school. Apparently, the trial court was referring to a prior conviction which is not connected with this present matter; likewise, there is insufficient information in this record to determine whether this condition was properly imposed. Moreover, it appears that the trial court is attempting to impose the same probation condition in connection with the sentence in the present case. In the final analysis, the imposition of both a probation and a prison term for a single misdemeanor is not authorized by our sentencing statutes. See La.C.Cr.P. art. 895(B); State v. Connors, 432 So.2d 308 (La.App. 5th Cir. 1983).
Finally, we note that the term of the sentence is ambiguous and cannot be determined on the face of the record, i.e., we cannot determine whether this defendant is being sentenced to a term which is six months in duration to be served on weekends only or 180 days to be served on weekends, which therefore violates our determinate sentence mandates in our statutory scheme. See La.C.Cr.P. art. 879. Accordingly, we remand the matter to the trial court for clarification of the sentence.
For the reasons assigned, the defendant's conviction is hereby affirmed, and the matter is remanded for resentencing.

AFFIRMED AND REMANDED.