h McKAY, Judge.
The defendant, T.E., a juvenile, appeals his conviction for simple possession of heroin, for which he received a five year sentence with the Department of Corrections. We affirm.
T.E., was arrested on May 1, 2000, at 2825 Magnolia Street and charged with possession with intent to distribute heroin, pursuant to La. R.S. 40:966(A)(1). On June 13, 2000, after a trial on the merits the defendant was found guilty of simple possession of heroin pursuant to La. R.S. 40:966(C). After being declared delinquent by the trial court the defendant was sentenced to five years with the Louisiana Department of Corrections, with a one-year review.
On May 1, 2000, at approximately 8:30 A.M., Detectives Ferrier and Veit who were assigned to the sixth district, along with Agent Michael Eberhardt of the ATF were on a surveillance of the Magnolia Housing Project. The target was 2825 Magnolia Street as a response to numerous complaints.
*416 Detective Veit, the arresting officer was called to testify first. He testified that the observing officer, Detective Ferrier, advised that he and Agent Eberhardt | ^should relocate to the rear of 2825 Magnolia, where he observed three subjects. Agent Eberhardt gave chase to the two fleeing suspects and Detective Veit detained the defendant, who fit Detective Ferrier’s description. Detective Veit also testified that Detective Ferrier had directed him “to bag which he observed that could possibly — to thing he observed”. Detective Veit then testified that as an incident to the arrest he seized money from the defendant and that the plastic bag he seized, which contained numerous pieces of foil, was recovered from the front step which was about 30 feet from where the arrest took place.
Detective Ferrier was then called to the stand and testified that during the surveillance he observed through binoculars the defendant riding a bike, which he gave to another unknown black male. He then observed the defendant remove a plastic bag containing foil packets from his front pocket and placed the bag on the front step of the stairwell at 2825 Magnolia where he waited. Approximately fifteen minutes later, he observed, through binoculars, two unknown black males approach the defendant. They had a conversation with the defendant and produced what appeared to be currency. The defendant accepted the currency, and picked up the plastic bag from the step and removed objects. After he removed the objects he placed the plastic bag back on the front step. He then handed one of the black males a small object, completing what appeared to be a drug transaction. At that time Detective Ferrier called for backup from Detective Veit and Agent Eberhardt. The two black males began running and were pursued by Agent Eberhardt. Detective Veit stopped the defendant in front of 2825 Magnolia Street. At the Indirection of Detective Ferrier, Detective Veit recovered one hundred dollars from the defendant’s person, pursuant to an arrest search and retrieved a plastic bag containing several foil objects from the step near the defendant.[1] Detective Ferrier testified at trial that at all times during the surveillance he kept his eyes on the defendant and the plastic bag and that nobody went near the bag.
At trial, Detective Veit, the arresting officer, testified prior to Detective Ferrier, the observing officer, and was recalled for the purpose of properly identifying the evidence before the trial court. The defendant objected as to the scope of the redirect of Detective Veit. In response to this objection the trial court limited the scope of the redirect to the identification of the plastic packet with foil objects but would not allow the detective to be reexamined on the currency recovered from the defendant. Officer Veit identified the plastic package as the one recovered from the scene as State exhibit 1-B. The defendant objected to the introduction of the packet maintaining that there was no nexus or connection of the object to defendant. The basis of the objection was that it was Detective Ferrier who observed the plastic bag being placed on the step and Detective Veit who retrieved the plastic bag at the direction of Detective Ferrier. Furthermore, Detective Ferrier on direct examination could not positively identify the bag offered into evidence as State exhibit 1-B, to be the same bag he observed the defendant placing on the step. The defendant alleges that the state failed to make Rthe connection of the plastic bag to the defen *417 dant and therefore failed to prove an essential element of possession and additionally an element of admissibility.
The State rested and the defendant offered no witnesses. The trial court entered into evidence the plastic bag with the foil packets marked as State exhibit 1-B. The defendant objected that the evidence was admitted after the state had rested its case. The defendant then moved for a directed verdict, which was denied. The trial court found the defendant guilty of simple possession of heroin and ordered a PDI. After a sentencing hearing the trial court sentenced the defendant to serve five years with the Louisiana Department of Corrections, one-year review and waived all costs.
The defendant argues that there was insufficient evidence to sustain a conviction for possession of heroin based on the State’s failure to prove beyond a reasonable doubt the connection between the narcotic and the defendant.
On appeal the standard of review for the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), i.e., whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the State proved the essential elements of the crime beyond a reasonable doubt, is applicable to juvenile delinquency cases. State v. D.L., 29,789 (La.App. 2 Cir. 6/18/97), 697 So.2d 706; State in the Interest of H.L.F., 97-2651 (La.App. 4 Cir. 5/20/98), 713 So.2d 810. The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. | State v. Mussall, 523 So.2d 1305 (La.1988). Additionally, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id. The trier of fact’s determination of credibility is not to be disturbed on appeal absent an abuse of discretion. State v. Cashen, 544 So.2d 1268 (La.App. 4th Cir.1989). When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proved such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
To support a conviction for possession of narcotics, the State must prove that a defendant knowingly possessed narcotics. State v. Chambers, 563 So.2d 579, 580 (La.App. 4 Cir.1990). The State need not prove that the defendant was in actual possession of the narcotics found; constructive possession is sufficient to support conviction. State v. Trahan, 425 So.2d 1222, 1226 (La.1983); State v. Cann, 319 So.2d 396, 397 (La.1975). The mere presence of a defendant in the area where the narcotics were found is insufficient to prove constructive possession. State v. Collins, 584 So.2d 356, 360 (La.App. 4 Cir. 1991).
A person not in physical possession of narcotics may have constructive *418 possession when the drugs are under that person’s dominion and control. State v. Jackson, 557 So.2d 1034, 1035 (La.App. 4 Cir.1990). Determination of whether a defendant had constructive possession depends on the circumstances of each case. State v. Cann, 319 So.2d 396, 397 (La.1975).
The following factors should be considered in determining whether the defendant exercised dominion and control so as to constitute constructive possession: the defendant’s knowledge that illegal drugs were in the area;... the defendant’s access to the area where the drugs were found; evidence of recent drug use; the defendant’s proximity to the drugs; and any evidence that the area was frequented by drug users. Bujol v. Cain, 713 F.2d 112 (5th Cir.1983) certiorari denied 464 U.S. 1049, 104 S.Ct. 726, 79 L.Ed.2d 187; State v. Hookfin, 601 So.2d 320 (La.App. 4th Cir.1991), writ denied in part, granted in parí & remanded on other grounds, 596 So.2d 536 (La.1992). Guilty knowledge and intent, through questions of fact, need not be proved as a fact, but may be inferred from the circumstances. State v. Jones, 551 So.2d 18 (La.App. 4 Cir.1989).
In the instant matter Detectives Ferrier and Veit along with Agent Eberhardt were on surveillance in a high drug area after complaints at this location. Detective Fer-rier, the observing officer, testified that at all times through binoculars he observed the entire transaction including the defendant placing a plastic bag with foil packets on the front stair at 2825 Magnolia. He also observed the defendant return to the location to retrieve foil packets from the plastic bag. He did not testify that anyone else approached the plastic bag save the defendant nor did he testify that he observed more that one plastic bag. Detective Veit testified that Detective Ferrier directed him to the plastic bag. What Detective Veit did not testify to was whether or not there was more than one plastic bag with foil packets on the front step at 2825 Magnolia. Logic would dictate that if there were ^additional plastic bags with foil packets Detective Veit would have also seized them and would have logged them as evidence. The only logical explanation for the plastic bag being there was because the defendant placed it there, furthermore, the defendant was observed returning to retrieve some of its contents. This theory is further supported by the fact that Detective Ferrier saw the defendant place a plastic bag on the front step at 2825 Magnolia. In light of the testimony of the officers on the scene and the evidence presented to the trial court, any ration trier of fact could have discerned nexus between the defendant and the narcotics. Given the circumstance and the record before us we find no error in the ruling of the trial court on the issue of the sufficiency of the evidence.
The defendant further argues that the trial court erred in admitting the State’s evidence after the State had rested and the defense had moved for a directed verdict.
The defendant argues that La. Ch.C. art. 878 describes the normal order of a trial and states that: A) The normal order of an adjudication hearing shall be: 1) Presentation of evidence offered by the state; 2) Presentation of evidence offered on behalf of the child; 3) Presentation of evidence to rebut evidence offered on behalf of the child; 4) Closing arguments of counsel. They allege that State exhibit 1-B[2] was actually admitted after the state rested. They contend that this is not the *419 normal order of an adjudication as set forth by La. Ch.C. art. 878.
In the instant matter the trial court allowed the state to recall Detective Veit on the limited basis to testify as to State exhibit B-l, the plastic bag with foil packets. Mr. Papai did not object to the Detective being recalled on this limited Ubasis, his objection was that the Detective could not be recalled for the purpose of examining State exhibit 1-A, the money seized from the defendant by Detective Veit. Mr. Papai objected that there was an improper foundation as to this piece of evidence. The defendant contends that Detective Ferrier, in his testimony on direct examination concerning the plastic bag, stated, “I can’t say. It looks similar. I can’t positively identify. I directed Detective Veit to the object I saw.” The trial courts response was “That’s fair enough. He cannot identify it because he directed Veit to what he saw. And Veit was the one who retrieved those items, if I understand correctly”. At that time Detective Ferrier stepped down from the stand and defendant entered into the record a series of objections as to the scope of the officer’s testimony if he was recalled to the witness stand.
The State then recalled Detective Veit solely for clarification of State exhibit B-l. The court then asked the defense if they had any witnesses. The defense responded by asking the court if the State was resting. The State responded “Yes”. The defense informed the court that they had no witnesses. They also submitted that the State had failed to prove the nexus between the defendant and the controlled substance. They contend that there was no evidence admitted. The court responded that “Exhibit 1-B has been admitted”. The defense claims that the evidence was admitted after the State had rested but before he informed the court that the defense had no witnesses.
After a review of the record the trial court in fact technically admitted the evidence State B-l, after the state rested its case. Nevertheless, the testimony and evidence was presented to the trial court during the course of a bench trial. We find that this was harmless error.
|flThe trial judge has great discretion in the manner in which proceedings are conducted before his court, and it is only upon a showing of gross abuse of discretion that appellate courts have intervened. LSA-C.C.P. Art. 1631; Sullivan v. Welch, 328 So.2d 731 (La.App. 3 Cir.1976). Home Insurance Co. of Illinois v. National Tea Co., 577 So.2d 65 (La.App. 1 Cir. 1990), writ granted in part, 580 So.2d 364 and 580 So.2d 365,affirmed in part, reversed in part, 588 So.2d 361 (La.1991). Harris v. West Carroll Parish School Bd., 605 So.2d 610 (La.App. 2 Cir.1992). Furthermore, the trial court has great discretion in controlling the presentation of evidence, including the power to admit or refuse to admit rebuttal evidence. White v. McCoy, 552 So.2d 649, 658 (La.App. 2 Cir.1989). Beecher v. Keel, 94-0314 (La.App. 4 Cir. 9/29/94) 645 So.2d 666.
After a careful review of the record in the instant case, we find no abuse of discretion in the trial court’s admitting of evidence. Accordingly, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The plastic bag contained 45 foil packets which tested positive for heroin. The defense stipulated that the packets in the plastic were heroin.

. State exhibit B-l and 1-B are used interchangeably throughout the transcript.