MICHAEL E. KIRBY, Judge.
| ,On November 4, 2010, the Orleans Parish Juvenile Court adjudicated D.D.[1] delinquent as a result of having committed the crime of illegal carrying of a firearm in a firearm-free zone, a violation of La. R.S. 14:95.2. D.D. was given a suspended sentence of six months, and placed on active probation with numerous conditions for six months. D.D. now appeals the adjudication and disposition.
The facts of this case are not in dispute. On the evening of August 6, 2010, D.D. was sitting in the bleachers at a NORD[2] playground in Digby Park in New Orleans watching a practice for a children’s football team. The team, comprised of children from four to six years of age, was being coached by Lieutenant Walter Givens of the Orleans Parish Sheriffs Office. During the practice, an alert parent noticed that D.D. was in possession of a weapon, and this information was brought to Lieutenant Givens’ attention. Lieutenant Givens immediately dismissed the children from practice, and went to his car to retrieve. his own weapon. He then approached D.D., identified himself as a police officer and asked D.D. to place his hands on his head. As D.D. complied with this instruction, Lieutenant Givens saw |2the weapon in D.D.’s waistband, and noticed that the weapon was cocked. Another officer in attendance at the practice removed the weapon from D.D.’s waistband and the weapon accidentally discharged in the process. No one was injured. NOPD officers were called to the scene by Lieutenant Givens, and D.D. was placed under arrest.
The State of Louisiana filed a petition requesting that D.D. be adjudicated delinquent for violating La. R.S. 14:95.2, which provides as follows, in pertinent part:
Carrying a firearm, or dangerous weapon as defined in R.S. 14:2, by a student or nonstudent on school property, at a school sponsored function, or in a firearm-free zone is unlawful and shall be defined as possession of any firearm or dangerous weapon, on one’s person, at *687 any time while on a school campus, on school transportation, or at any school sponsored function in a specific designated area including but not limited to athletic competitions, dances, parties, or any extracurricular activities, or within one thousand feet of any school campus.
D.D. was not charged with any offense other than the violation of La. R.S. 14:95.2. Following trial, the trial court adjudicated D.D. as delinquent for possessing a firearm in a firearm-free zone. D.D. now appeals, arguing in his sole assignment of error that the trial court erred in adjudicating him delinquent for a violation of La. R.S. 14:95.2 because the State presented insufficient evidence to establish that D.D. committed the offense charged beyond a reasonable doubt. This assignment of error has merit.
The standard of review in a juvenile delinquency case was recently set forth by this Court in State in the Interest of K.M., 2010-0649, pp. 4-5 (La.App. 4 Cir. 9/29/10), 49 So.3d 460, 463-464, as follows:
|3In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Jackson standard has been held to be the clear standard of review for Louisiana appellate courts by the Louisiana Supreme Court. State v. Brown, 2003-0897 (La.4/12/05), 907 So.2d 1. It specifically requires that the appellate court must determine that the evidence was sufficient to convince a rational trier of fact “that all of the elements of the crime had been proved beyond a reasonable doubt.” State v. Neal, 2000-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657, citing State v. Captville, 448 So.2d 676, 678 (La.1984). This standard of review is applicable to juvenile delinquency cases. State in the Interest of T.E., 2000-1810 (La.App. 4 Cir. 4/11/01), 787 So.2d 414.
Although the State presented sufficient evidence to establish that D.D. was in possession of a loaded firearm at the NORD playground in Digby Park on the evening of August 6, 2010, there was no evidence presented to establish that he was on a school campus, on school transportation, at a school sponsored function, or within one thousand feet of any school campus at the time of the incident for which he was charged.
The State argues that the presence of a sign disallowing weapons at one of the entrances to the playground and the testimony of Lieutenant Givens constituted sufficient evidence to support the Juvenile Court’s finding that this area was a firearm-free zone. La. R.S. 14:95.6 defines a firearm-free zone as “an area inclusive of any school campus and within one thousand feet of any such school campus and within a school bus.” As stated above, no evidence was presented to suggest that the football practice was sponsored by a school or that the playground where this incident occurred had any connection to a school or was within one thousand feet of a school. Whether or not D.D.’s possession of a firearm at the 14playground violated the playground’s rules or even municipal ordinances is not at issue in this ease. The only issue before us is whether or not D.D.’s actions violated La. R.S. 14:95.2, the only offense with which he was charged. We conclude they did not. Therefore, the Juvenile Court judge erred in adjudicating D.D. delinquent for violating La. R.S. 14:95.2.[3]
*688 For the reasons stated above, we reverse the trial court’s adjudication of D.D. as delinquent for a violation of La. R.S. 14:95.2, possession of a firearm in a firearm-free zone.
REVERSED

. Pursuant to Rules 5-1 and 5-2 of the Uniform Rules — Courts of Appeal, the initials of the juvenile involved in this matter will be used instead of his name.

. New Orleans Recreation Department.

. We do not know if the Louisiana Legislature intentionally omitted playgrounds in its definition of firearm-free zones or if this omission was an oversight. In any event, it is entirely within the province of the Legislature, and not the courts, to make changes to existing statutes. La. R.S. 14:95.2, in its current form, was not violated by D.D.’s actions at the NORD playground in Digby Park on the evening of August 6, 2010.