74 So.3d 1196 (2011)
STATE of Louisiana in the Interest of B.C.
No. 2011-CA-0638.
Court of Appeal of Louisiana, Fourth Circuit.
September 14, 2011.
Katherine M. Franks, Louisiana Appellate Project, Abita Springs, LA, for Appellant, B.C.
Leon A. Cannizzaro, Jr., District Attorney, Matthew Caplan, Assistant District Attorney, New Orleans, LA, for Appellee, State of Louisiana.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MAX N. TOBIAS, JR., Judge EDWIN A. LOMBARD).
MAX N. TOBIAS, JR., Judge.
B.C. has filed the instant appeal from the judgment of the Juvenile Court of Orleans Parish, which adjudicated him delinquent for the charges of unauthorized use of a motor vehicle and hit-and-run driving where there is death or serious bodily injury. Because the parties agree that the adjudication should be amended, we do so and remand the matter back to the trial court for sentencing.
Between 8:00-8:30 a.m. on 23 November 2010, an automobile accident occurred at the corner of Daneel and Delachaise Streets in New Orleans. Chris Thomas, who was in the parking lot of the Post Office on the same intersection, observed the collision and called 911. New Orleans Police Department ("NOPD") Officer Eric Carr responded to the call, but by the time he arrived at the scene, the driver of a white Nissan Armada involved in the accident had already fled.
*1197 Mr. Thomas saw the Armada driver because the driver was facing in Mr. Thomas' direction before he fled. Mr. Thomas told Officer Carr that he saw an individual wearing "either a dark gray or light black tee-shirt with black jeans" and sporting a "twist hairdo," like the one B.C. wore at his adjudication hearing, exit the Armada and run down Delachaise Street towards S. Claiborne Avenue; that description was broadcast to other officers in the area.
Approximately 20 minutes after the accident, an individual matching the description given was apprehended by an unidentified NOPD officer and brought back to the scene. While sitting in the police car, Mr. Thomas identified B.C. as the individual who exited the Armada and fled.
Meanwhile, Officer Carr had learned, by running the vehicle's Vehicle Identification Number through the National Crime Information Center database, that the Armada had been stolen the previous day, November 22, and had not been recovered. Officer Carr discovered, after speaking to the Armada's owner, that B.C. did not have permission to drive the SUV, even although B.C. was in possession of the key. It was alleged that B.C. himself stated to the apprehending officer that he "was driving the car ...", but insisted he had permission to drive the vehicle.[1]
The two passengers in the other car involved in the collision, a black Hyundai Sonata, were both injured in the wreck; the extent of their injuries was not introduced at the adjudication hearing.
B.C. was charged with unauthorized use of a motor vehicle, in violation of La. R.S. 14:68.4, and hit-and-run, in violation of La. R.S. 14:100. B.C.'s adjudication hearing was originally set for 26 January 2011, but was continued at the request of the state and over the objection of the defense due to the absence of the victims. On 9 February, the hearing was held. Only two witnesses testified: Officer Carr and Mr. Thomas. The passengers who were hit and sustained injury, along with the officer who apprehended B.C., were not present. Following the hearing, B.C. was found guilty of the unauthorized use of a motor vehicle and the hit and run where death or serious bodily injury occurs. A disposition of incarceration for a maximum of one year on Count 1 and until B.C. reached the age of twenty-one on Count 2 (approximately five years), to be served concurrently, was handed down on 23 February.
B.C. has assigned three errors for our review. However, as pointed out by the state, these three assignments of error say the same thing: the adjudication of delinquency as hit-and-run with death or serious bodily injury, in violation of La. R.S. 14:100 C(2), is not supported by the evidence adduced at the adjudication hearing. In response, the state agrees that it did not prove the crime for which B.C. was charged, but did prove the lesser included offense, hit-and-run driving where there is no death or serious bodily injury. As such, the state agrees that the adjudication should be amended and the matter remanded to the court below for resentencing.
The standard for testing the sufficiency of the evidence requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. *1198 2781, 61 L.Ed.2d 560 (1979). The Jackson standard applies to juvenile proceedings. Interest of T.E., 00-1810, p. 4 (La.App. 4 Cir. 4/11/01), 787 So.2d 414, 417.
La. R.S. 14:100 provides in pertinent part:
C. (1)(a) Whoever commits the crime of hit-and-run driving where there is no death or serious bodily injury shall be fined not more than five hundred dollars or imprisoned for not more than six months, or both.
(b) Whoever commits the crime of hit-and-run driving where there is no death or serious bodily injury shall be fined not more than five hundred dollars, imprisoned for not less than ten days nor more than six months, or both when: (i) there is evidence that the vehicle operator consumed alcohol or used drugs or a controlled dangerous substance prior to the accident; (ii) the consumption of the alcohol, drugs, or a controlled dangerous substance contributed to the accident; and (iii) the driver failed to stop, give his identity, or render aid with the knowledge that his actions could affect an actual or potential present, past, or future criminal investigation or proceeding.
(2) Whoever commits the crime of hit-and-run driving, when death or serious bodily injury is a direct result of the accident and when the driver knew or should have known that death or serious bodily injury has occurred, shall be fined not more than five thousand dollars or imprisoned with or without hard labor for not more than ten years, or both. [Emphasis supplied.]
Because neither occupant of the other vehicle was present to testify regarding the injuries sustained in the accident, the state did not prove that B.C. was guilty of § 100 C(2), but instead proved that he was guilty of § 100 C(1)(a). Therefore the sentence imposed by the court below was in error.
We therefore amend the adjudication from hit-and-run driving when death or serious bodily injury occurs to hit-and-run driving where there is no death or serious bodily injury in violation of La. R.S. 14:100 C(1)(a). Accordingly, we remand the matter to the trial court for sentencing.
JUDGMENT AMENDED; RENDERED; REMANDED.
NOTES
[1] B.C. filed a motion to suppress his statement, which was granted by the trial court at the end of the hearing.