MAX N. TOBIAS, JR., Judge.
_JjThe defendant, K.G.,[1] appeals from her adjudication as a juvenile delinquent based upon her tampering with surveillance or electronic monitoring equipment in violation of La. R.S. 14:110.3 on the grounds that the evidence is insufficient to sustain an adjudication of delinquency as to the petition charged. For the following reasons, we affirm the juvenile court’s adjudication of K.G. as a delinquent child.
FACTS AND PROCEDURAL BACKGROUND
K.G. was a participant in the New Orleans Police Department’s (“NOPD”) Electronic Monitoring Program (“EMP”) and, as such, had an electronic monitoring device, ie., an ankle bracelet, affixed to her person. On 15 September 2011, K.G. was petitioned with one count of tampering with surveillance or electronic monitoring equipment in violation of La. R.S. 14:110.3. That same day, K.G. appeared in juvenile court for a continued custody hearing and was not wearing the ankle bracelet. At the close of the custody hearing, the court found probable cause for K.G.’s arrest for violation of La. R.S. 14:110.3. K.G. entered a denial to the petition charged.
12An adjudication hearing was held in this matter on 11 October 2011. The prosecution presented the testimony of Officer Shannon Brewer and Deputy Earl Fox. Both officers are assigned to the NOPD’s “electronic monitoring” section. K.G. presented no witnesses.
Officer Brewer testified that at 1:50 a.m. on the morning of 12 September 2011, she received an alert from the ankle bracelet attached to the person of K.G. indicating the electronic monitoring device had been removed. Officer Brewer stated that she personally affixed the bracelet to KG.’s ankle and was responsible for the electronic monitoring of K.G. While Officer Brewer did not personally observe K.G. remove the ankle bracelet on the morning of 12 September 2011, and had no personal knowledge regarding the circumstances under which the device was removed from KG.’s person, she testified that only NOPD personnel responsible for electronic monitoring are authorized to remove the devices from the defendants that participate in the EMP. It is undisputed that no such authorized person removed KG.’s ankle bracelet.
Deputy Earl Fox likewise testified at KG.’s adjudication hearing. He stated that he responded to a call on 12 September 20011, immediately after receiving a tamper alert from K.G.’s monitoring device indicating that the ankle bracelet had been removed. Deputy Fox recovered the device at its last recorded location, which was on the ground at the intersection of Buffalo Road and Wales Street in New Orleans. K.G. was not in the area where the bracelet was recovered. Upon his arrival, Deputy Fox observed that the pins within the bracelet had been pulled out. According to Deputy Fox, once the bracelet is locked into place, the only way to remove the device is by intentionally breaking the pins that secure the device to the ankle, which is done by using a tool specifically designed for this purpose. l3While he did not personally observe K.G. or anyone else *1207 remove the device, because of the way the pin was broken at the top and the bottom part of the pin was not loosened, Deputy Fox stated that he was able to confirm that the electronic monitoring device had been tampered with.
At the conclusion of the hearing, K.G. was adjudicated delinquent for tampering with surveillance or electronic monitoring equipment and was committed to the Department of Public Safety and Corrections for three months.[2] KG. timely filed the instant appeal.
ASSIGNMENT OF ERROR
The sole issue presented for our review is whether the evidence presented at the adjudication hearing was sufficient to adjudicate K.G. delinquent of La. R.S. 14:110.3, tampering with surveillance or electronic monitoring equipment.
STANDARD OF REVIEW
In order to adjudicate a child delinquent, the state must prove beyond a reasonable doubt that the child committed every element of the offense alleged in the petition. La. Ch.C. art. 883. The standard for the state’s burden of proof is no less strenuous than the standard of proof required in a criminal proceeding against an adult. State ex rel. T.C., 09-1669, p. 2 (La.App. 4 Cir. 2/16/11), 60 So.3d 1260, 1262; State in the Interest of A.G., 630 So.2d 909, 910 (La.App. 4th Cir.1993). When a conviction is based on circumstantial evidence, La. R.S. 15:438 requires that such evidence “must exclude every reasonable hypothesis of innocence.” State in the Interest of C.B., 09-1114, p. 6 (La.App. 4 Cir. 12/16/09), 28 So.3d 525, 528. As a court of review, we grant great deference to the juvenile court’s |4factual findings, credibility determinations, and assessment of witness testimony. State ex rel. W.B., 08-1458, p. 1 (La.App. 4 Cir. 4/22/09), 11 So.3d 60, 61.
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This standard of review is applicable in juvenile delinquency cases. State in the Interest of T.E., 00-1810, p. 4 (La.App. 4 Cir. 4/11/01), 787 So.2d 414, 417.
In addition, La. Const, art. V § 10(B) mandates that an appellate court review both law and facts when reviewing juvenile adjudications. Therefore, as in the review of civil cases, a factual finding made by a trial court in a juvenile adjudication may not be disturbed by an appellate court unless the record evidence as a whole does not furnish a basis for it, or is clearly -wrong. See State in the Interest of Batiste, 367 So.2d 784 (La.1979); State in the Interest of S.S., 557 So.2d 407 (La.App. 4th Cir.1990); State ex rel. E.D.C., 39,892 (La.App. 2 Cir. 5/11/05), 903 So.2d 571. In sum, we apply the “clearly wrong-manifest error” standard of review to determine whether there is sufficient evidence to satisfy the standard of proof beyond a reasonable doubt.
LAW AND ANALYSIS
La. R.S. 14:110.3 defines the crime of tampering with surveillance or electronic monitoring equipment and provides, in pertinent part:
A. No person shall intentionally defeat, degrade, tamper, damage, alter, destroy, remove, disable, obstruct, or impair in any way the operation of any surveil *1208 lance ... or monitoring system of any nature or purpose, including but not limited to any of the following:
|B(1) Removing, damaging, altering, destroying, tampering with, or temporarily or permanently delaying or interrupting the internal or external signal or electronic wire or wireless analog or digital transmissions of any surveillance ... or monitoring system.
[[Image here]]
C. (1) Whoever commits the crime of tampering with surveillance ... or monitoring systems shall be fined not more than one thousand dollars, imprisoned with or without hard labor for not more than one year, or both.
KG. argues the evidence was insufficient to sustain the trial court’s adjudication of delinquency beyond a reasonable doubt because the evidence presented by the state through the testimony of Officer Brewer and Deputy Fox was entirely circumstantial and failed to exclude every hypothesis of innocence. Specifically, K.G. presented two alternative hypotheses regarding how the device could have come off her ankle: (1) the device could have fallen off; or (2) someone else could have removed the bracelet from her ankle without her consent.
When analyzing circumstantial evidence, La. R.S. 15:438 provides that the fact finder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence (not merely every conceivable alternative theory). However, when a case involves circumstantial evidence and the trier of fact reasonably rejects the hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. See State in the Interest of R.L.K., 95-1277, p. 6 (La.App. 1 Cir. 12/19/95), 666 So.2d 427, 431.
While KG. presented these two alternative hypotheses under which the monitoring device could have been removed from her person at the hearing, KG.’s suggestion that the device could have “fallen off’ of her ankle was rebutted by | r,Deputy Fox’s testimony that the device, once locked, can only be removed by intentionally breaking the pins, making this theory implausible or unreasonable. In other words, according to the trial testimony, it is impossible for the device to simply “fall off’ of a defendant’s ankle as posited by KG.
KG.’s next hypothesis — that the device could have been removed from KG. without her consent — is likewise implausible and unreasonable. The testimony adduced at trial established that, by design, the device is difficult to remove and is normally done so by using a specifically designed tool. Once removed from KG., the ankle bracelet was left in the exact location where the device signaled a tamper alert. The testimony further established that when K.G. spoke to Officer Brewer following the removal of the device from her ankle, KG. offered no information regarding who removed it or the circumstances under which the bracelet was removed from her person. The juvenile judge obviously rejected the two hypotheses posited by K.G. and we agree that they are not sufficiently reasonable to preclude a finding of proof of guilt beyond a reasonable doubt. No other hypothesis of innocence was presented.
Applying the relevant standard of review to the circumstances of this case, we conclude the juvenile judge was not clearly wrong in finding beyond a reasonable doubt that the ankle bracelet was intentionally defeated in direct violation of La. R.S. 14:110.3. Even though Officer Brew *1209 er and Deputy Fox did not actually observe K.G. physically removing the device from her person, we agree that the juvenile judge could reasonably have concluded from the testimony presented that K.G. either removed the device herself or had someone else, who was not authorized to do so, remove the device with her knowledge and consent. The pins securing the device to KG.’s ankle had been broken at the top and taken |7out of the bracelet. The bracelet was found on the ground unattended at its last recorded location where the alert indicating a tamper was first detected. Three days later K.G. appeared in juvenile court without wearing the bracelet and provided no explanation or information relative to its removal. Therefore, we find that the evidence, although circumstantial, was sufficient to exclude every reasonable hypothesis of KG.’s innocence.
After a careful review of the record, we find the evidence supports the trial court’s determination. We are convinced that a rational trier of fact, viewing all of the evidence as favorable to the prosecution, could have concluded that the state proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that K.G. was guilty of tampering with the electronic monitoring device attached to her ankle. Therefore the trial court did not err in adjudicating her to be a delinquent.
CONCLUSION
For the foregoing reasons, the trial court’s adjudication of K.G. as a delinquent child for violation of tampering with surveillance or electronic monitoring equipment is affirmed.

AFFIRMED.

. Pursuant to the requirements of confidentiality of juvenile proceedings as set forth in La. Ch.C. art. 412, the defendant herein is referred to by initials only.

. The commitment was to run “consecutive” to case number 2009-096-02-DQC.