DANIEL L. DYSART, Judge.
| T J.J., a juvenile, appeals the judgment of the Juvenile Court adjudicating her a delinquent, on the basis that the evidence was insufficient to establish the offense of simple battery.[1] For the following reasons, we affirm the adjudication and sentence.
BACKGROUND
On November 15, 2002, the State filed a delinquency petition charging J.J., then fifteen years old, with simple battery, a violation of La. R.S. 14:35. A trial on the merits took place on March 5, 2013, at which three witnesses testified. The first witness was the victim, who testified that on the night of November 6, 2012, she was asleep in her room at Raintree Group Home, when someone entered the room and threw urine on hér. She was unable to identify that person.
Another juvenile residing at Raintree, S.C., testified that, on that evening, she and three other residents, including J.J., had discussed pouring urine on the victim in retaliation for the victim’s having previously poured soap on S.C.’s clothes. S.C., however, did not accompany the three girls who she testified entered |2the victim’s room after having collected urine from a toilet that was stopped up. S.C. did not see who threw the urine on the victim.
Paulette Peters, a night counselor at Raintree, testified that, on the night of the incident, she saw J. J. in a hallway, wearing gloves and when she questioned her, J.J. simply went into a room. She next saw J.J. running out of the victim’s room. Ms. Peterson then entered the victim’s room and witnessed the urine on the victim, her bed and nightstand.
At the conclusion of the State’s case in chief, counsel for J.J. moved for an acquittal, which the juvenile court denied. The court then adjudicated J.J. delinquent and placed her on six months inactive probation. This appeal followed.
*1250 DISCUSSION
In this matter, J.J. maintains that the evidence was insufficient to establish the offense of simple battery and as such, the trial court erred in failing to acquit her and in ultimately finding her delinquent.
In order to adjudicate a child delinquent, the State must prove beyond a reasonable doubt that the child committed the delinquent act alleged in the petition. La. Ch.C. art. 883. The standard for the State’s burden of proof in a juvenile delinquency proceeding is “no less strenuous then the standard of proof required in a criminal proceeding against an adult.” State in the Interest of J.W., p. 3 (La.App. 4 Cir. 6/6/12), 95 So.3d 1181, 1184. As a court of review, we grant great deference to the juvenile court’s factual findings, credibility determinations, and assessment of witness testimony. State ex rel. W.B., 2008-1458, p. 1 (La.App. 4 Cir. 4/22/09), 11 So.3d 60, 61.
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most [■¡favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. State in the Interest of T.E., 2000-1810, p. 4 (La.App. 4 Cir. 4/11/01), 787 So.2d 414, 417, citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Jackson standard of review is applicable in juvenile delinquency cases. Id.
In addition, La. Const, art. V, § 10(B) mandates that an appellate court review both law and facts when reviewing juvenile adjudications. “While delinquency proceedings may in many ways implicate criminal proceedings, sometimes even mimicking them, they are nonetheless civil in nature.” State in the Interest of D.R., 2010-0405, p. 5 (La.App. 4 Cir. 10/13/10), 50 So.3d 927, 930. (Emphasis in the original). Therefore, as in the review of civil cases, a factual finding made by a trial court in a juvenile adjudication may not be disturbed by an appellate court unless the record evidence as a whole does not furnish a basis for it, or it is clearly wrong. State in Interest of K.G., 2011-1559, p. 4 (La.App. 4 Cir. 3/21/12), 88 So.3d 1205, 1207, citing, State in the Interest of Batiste, 367 So.2d 784 (La.1979); State ex rel. E.D.C., 39,892 (La.App. 2 Cir. 5/11/05), 903 So.2d 571, State in the Interest of S.S., 557 So.2d 407 (La.App. 4 Cir.1990). In sum, we apply the “clearly wrong-manifest error” standard of review to determine whether there is sufficient evidence to satisfy the standard of proof beyond a reasonable doubt.
A “simple battery” is a “battery committed without the consent of the victim.” La. R.S. 14:35. A “battery” is defined as “the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another.” La. R.S. 14:33.
|4In her appellant brief, J.J. notes that no one testified that they actually saw the individual who threw the urine on the victim. She likewise maintains that the State presented no evidence that, when she left the victim’s room, she possessed a container that could have contained a liquid substance or that she was wearing gloves.
Additionally, J.J. also suggests that “noxious” is defined as “physically harmful or destructive to living beings” and argues that urine is not noxious.[2] Finally, J.J. argues that the Stated failed to identify the substance thrown on the victim.
*1251 We have found no reported decision which addresses whether throwing urine on someone constitutes simple battery. However, we are guided by State v. Lachney, 621 So.2d 846 (La.App. 5 Cir.1993), which affirmed a simple battery conviction for spitting on someone. The defendant in that case failed to sway the court with his argument that “[h]uman spit is just as harmless as water.” Id., 621 So.2d at 847. The court noted that there are types of touch which cause no physical harm, but are offensive. Id. The court found that the “intentional act of spitting on another in this instance constitutes criminal violence upon the victim.” Lachney, 621 So.2d at 848.
The law clearly provides that a battery is committed when one intentionally administers “a poison or other noxious liquid or substance to another.” La. R.S. 14:33. (Emphasis supplied.). We agree with our brethren in the Fifth Circuit that the substance does not have to cause physical harm to constitute an act of criminal violence. Throwing urine on someone is as offensive as spitting on someone. We | ^therefore find no merit in J.J.’s argument that the State failed to establish the elements of a simple battery under La. R.S. 14:35.
We likewise find no merit to J.J.’s contention that the evidence at trial did not warrant a finding that J.J. committed a simple battery. While J.J. did could not identify the person who threw the urine on her, Mrs. Peters testified that she observed J.J. wearing gloves inside and would not provide a reason why. Thereafter, Mrs. Peters saw J.J. run out of the victim’s room, at which time Mrs. Peters went into the room and observed urine on M.S., on her bed, and on her nightstand.
As a court of review, we grant great deference to the juvenile court’s factual findings, credibility determinations, and assessment of witness testimony. State ex rel. W.B., 2008-1458, p. 1 (La.App. 4 Cir. 4/22/09), 11 So.3d 60, 61. While S.C. testified that three girls were involved in the incident (although she was not present when the urine was thrown on the victim), Ms. Peters testified that she only saw J.J. run out of the victim’s room that night. The juvenile court was entitled to give more weight to the testimony of M.S. and Mrs. Peters over that of S.C.
Finally, J.J. argues that the State failed to identify the substance by any sort of chemical analysis. However, a lay witness may testify in the form of opinions or inferences when they are helpful to the determination of a fact at issue and are rationally based on that witness’s perception. La. C.E. art. 701. Lay witnesses are allowed to identify “substance[s] of common recognition,” such as blood. State v. Jones, 315 So.2d 650, 653 (La.1975); State v. Skipper, 284 So.2d 590, 591 (La.1973). After analyzing Jones, Skipper, and La. C.E. art. 701, the Third Circuit, in State v. Poche, 2005-1042, p. 7 (La.App. 3 Cir. 3/1/06), 924 So.2d 1225, found that lay witnesses may be allowed to opine whether a substance is urine because | fiurine is also a substance of common recognition. We agree that urine is a substance of common recognition. Thus, the lay witnesses in this case could properly testify as to whether the substance thrown on the victim was urine.
CONCLUSION
After conducting our review of the record, we find that the evidence as a whole furnishes a basis for the findings of the juvenile court. Accordingly, the judgment adjudicating J.J. delinquent for the offense of simple battery is affirmed.
AFFIRMED.

. J.J. also raises as an assignment of error the trial court's failure to enter a judgment of acquittal at the conclusion of trial. This assignment of error relates to the sufficiency of the evidence and as such, it will not be addressed separately.

. Counsel for J.J. concedes that the term "noxious” is not defined in the Criminal Code; the definition she provided was obtained from Miriam Webster Dictionary.