DANIEL L. DYSART, Judge.
b The juvenile, S.J., appeals the judgment of the Juvenile Court for the Parish of Orleans adjudicating him delinquent after finding he committed the offense of unauthorized use of a movable. S.J. argues that the juvenile court erred in limiting the defense’s cross-examination of the owner of the vehicle and that the State of Louisiana (“State”) failed to establish all of the elements of the offense of unauthorized *678 use of a movable. For the reasons that follow, we affirm the decision of Juvenile Court.
BACKGROUND
The State filed a delinquency petition charging S.J. with the unauthorized use of a movable, a violation of La. R.S. 14:68. The movable was a vehicle owned by Reginald Fortenberry.
At the adjudication hearing, the State called Mr. Fortenberry to testify. Mr. Fortenberry stated that he knew S.J., who is the brother of his daughter’s boyfriend. Mr. Fortenberry testified that he lived close to S.J. and had known him through his daughter for some period of time. Mr. Fortenberry testified that he did not give permission to S.J. to operate his vehicle. He further testified that his vehicle was damaged while in S.J.’s possession, sustaining damages between $1700 and $1800 |2Of that amount, he paid a $250 deductible, with the remaining amount paid by his automobile insurance company.
The only other witness to be called at the hearing was Priantae Green, the daughter of Ronald Fortenberry. Ms. Green testified that she had known S.J. for about three years and that S.J. is the brother of her child’s father. Ms. Green testified that on February 1, 2013, she saw S.J. as he was getting off the school bus and offered to give him a ride in her father’s truck. After a few blocks, Ms. Green stated that she pulled over at a friend’s house to use the restroom. When she exited her friend’s home, she saw S.J. driving the vehicle away but she was unable to stop him. S.J. was unable to stop the vehicle on his own and ran into a parked car after making a left turn onto Jeff Davis Parkway. Thereafter, Ms. Green was able to get into the vehicle and put in it in park. She testified that she did not give S.J. permission to drive her father’s truck.
In addition to this testimony, the juvenile court accepted the stipulation that, if the police officer was called to testify, he would state that the police report reflected Ms. Green’s statement that she left the keys in the vehicle when she stopped at her friend’s house to use the restroom.
At the close of the testimony, the juvenile court adjudicated S.J. delinquent and ordered a pre-disposition investigation report. At the disposition hearing, the juvenile court committed S.J. to the Department of Safety and Corrections for one year, suspended the commitment, and placed S.J. on active probation for six months. S.J. timely filed this appeal.
STANDARD OF REVIEW
In order to adjudicate a child delinquent, the State must prove beyond a reasonable doubt that the child committed the delinquent act alleged in the petition. |3La. Ch.C. art. 883. The standard for the State’s burden of proof in a juvenile delinquency proceeding is “no less strenuous then the standard of proof required in a criminal proceeding against an adult.” State ex rel. C.B., 09-1114, p. 6 (La.App. 4 Cir. 12/16/09), 28 So.3d 525, 528, citing, State in the Interest of A.G., 630 So.2d 909, 910 (La.App. 4 Cir.1993). As a court of review, we grant great deference to the juvenile court’s factual findings, credibility determinations, and assessment of witness testimony. State ex rel. W.B., 08-1458, p. 1 (La.App. 4 Cir. 4/22/09), 11 So.3d 60, 61.
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Jackson standard of review is applicable in juvenile delinquency cases. *679 State in the Interest of T.E., 00-1810, p. 4 (La.App. 4 Cir. 4/11/01), 787 So.2d 414, 417.
In addition, La. Const, art. V, § 10(B) mandates that an appellate court review both law and facts when reviewing juvenile adjudications. “While delinquency proceedings may in many ways implicate criminal proceedings, sometimes even mimicking them, they are nonetheless civil in nature.” State in the Interest of D.R., 10-0405, p. 5 (La.App. 4 Cir. 10/18/10), 50 So.3d 927, 930. (Emphasis supplied). Therefore, as in the review of civil cases, a factual finding made by a trial court in a juvenile adjudication may not be disturbed by an appellate court unless the record evidence as a whole does not furnish a basis for it, or it is clearly wrong. State in Interest of K.G., 11-1559, p. 4 (La.App. 4 Cir. 3/21/12), 88 So.3d 1205, 1207, citing State in the Interest of Batiste, 367 So.2d 784 (La.1979); State in the Interest of S.S., 557 So.2d 407 (La.App. 4th Cir.1990); State ex rel. E.D.C., 39,892 (La.App. 2 Cir. 5/11/05), 903 So.2d 571. In sum, we apply the “clearly wrong-manifest error” standard of review to determine whether there is sufficient evidence to satisfy the standard of proof beyond a reasonable doubt.
DISCUSSION
We note, at the outset, that this Court recently adopted the practice of conducting a review of juvenile delinquency matters for errors patent. State in the Interest of A.H, 10-1673, p. 9 (La.App. 4 Cir. 4/20/11), 65 So.3d 679, 685 (“conducting an error patent review in juvenile delinquency proceedings is warranted”). We have, thus, reviewed this matter and found no patent errors in the record.
We now turn to S.J.’s assignments of errors, addressing his second assignment of error first.[1] In that assignment of error, S.J. argues that the State failed to establish the elements of the offense. Specifically, S.J. maintains that the State did not prove that he had the intent to “joyride” when Ms. Green’s testimony established he did not know how to drive.
La. R.S. 14:68 provides that the unauthorized use of a movable belonging to another is “the intentional taking or use of a movable which belongs to another either without the other’s consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the movable permanently.” La. R.S. 14:68(A).
iWe note that our jurisprudence reflects that La. R.S. 14:68 “must reasonably be construed to require the existence of fraudulent intent. The State may produce direct or circumstantial evidence of fraudulent intent in unauthorized use cases. The determination of whether the requisite intent is present in a criminal case is for the trier of fact. Though intent is a question of fact, it may be inferred from the circumstances of the transaction.” State v. Williamson, 10-466, p. 12 (La.App. 5 Cir. 12/13/11), 81 So.3d 156, 164, citing State v. Anderson, 07-0752, p. 6 (La.App. 5 Cir. 2/6/08), 979 So.2d 566, 570.
In adjudicating S.J. delinquent, the juvenile court clearly accepted the testimony of the two State witnesses: Ms. Green, who witnessed S.J.’s use of the vehicle without having given him permission, and Mr. For-tenberry, the vehicle owner, who did not give S.J. permission to drive his vehicle. Under the circumstances of this case, we find no manifest error in the trial court’s *680 reliance on the testimony of the State’s two witness, nor on its implicit finding that S.J.’s intent can be inferred from the circumstances of this case.
Based on the record before us, we conclude that the juvenile court, as the rational trier of fact, found after examining both the facts and law that the essential elements of the charged offense was proven beyond a reasonable doubt.
In this first assignment of error, S.J. avers that the juvenile court erred in limiting the defense cross-examination of Mr. Fortenberry to show bias. During the trial, counsel for S.J. attempted to cross-examine Mr. Fortenberry to determine whether the insurance company conditioned payment for the damages to Mr. Fortenberry’s vehicle on his and/or Ms. Green’s testifying against S.J. The State objected to the line of questioning which was sustained by the trial court on the basis of relevance. The juvenile court judge found that the information as to | ¿whether the insurance company wanted Mr. Fortenberry to testify was not relevant, as he had been issued a subpoena by the court.
The record reflects that S.J.’s counsel did not preserve any error on the trial judge’s part for our review. See State v. Green, 10-0791, p. 24 (La.App. 4 Cir. 9/28/11), 84 So.3d 573, 588 (“in order to preserve the right to appeal a trial court ruling that excludes evidence, the defendant must make the substance of the evidence known to the trial court”). The failure to make any offer of proof of Mr. Fortenberry’s testimony prevents our review of the matter on direct appeal. See La. C.E. art. 103(A)(2) (“Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and ... [w]hen the ruling is one excluding evidence, the substance of the evidence was made known to the court by counsel.”)
Article 103(A)(2) was explained in State v. Batiste, 96-1010 (La.App. 5 Cir. 1/27/98), 708 So.2d 764, 769:
La.C.E. art. 103(A) states that error may not be predicated upon a ruling which admits or excludes evidence, unless a substantial right of the party is affected. Sec. A(2) of the same article provides that error may not be predicated upon a ruling excluding evidence unless the substance of the evidence was made known to the court by counsel. In criminal cases, as well as civil cases, a party has a legal right, when evidence has been excluded, to make an offer of proof of what counsel expects to prove, outside of the presence of the jury. (Citations omitted).
In State v. Lobato, 603 So.2d 739, 748 (La.1992), the Louisiana Supreme Court held that, where the defendant did not make known the substance of the excluded evidence for the purpose of consideration by the trial and appellate courts, the defendant did not preserve the alleged error for review on appeal.
17Here, defense counsel did not even attempt an offer of proof, or even a limited offer, either of which might have triggered a remand for additional evidence. See, e.g., State v. Brooks, 98-1151 (La.App. 1 Cir. 4/15/99), 734 So.2d 1232, 1241. Accordingly, the issue was not properly preserved and will not be addressed.
CONCLUSION
For the foregoing reasons, the judgment of the juvenile court adjudicating S.J. delinquent is hereby affirmed.
AFFIRMED.

. It is well-settled that when issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. State v. Hearold, 603 So.2d 731, 734 (La.1992).