ON APPLICATION FOR REHEARING

(Court composed of Judge TERRI F. LOVE, Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME, Judge MADELEINE M. LANDRIEU, Judge . SANDRA C. JENKINS).
EDWIN A. LOMBARD, Judge.
_JjOn application for rehearing, counsel for the juvenile correctly points out that the standard of review in a juvenile proceeding is a dual one. Although the State’s burden of proof in a juvenile proceeding is the same as in a criminal proceeding, delinquency proceedings are civil in nature and our scope of review extends to both law and facts. State in the *471 Interest of Batiste, 367 So.2d 784, 788 (La.1979). As such, however, “a factual finding made by a trial court in a juvenile adjudication may not be disturbed by an appellate court unless the record evidence as a whole does not furnish a basis for it, or it is clearly wrong.” State in the Interest of J.J., 13-0548, pp. 2-3 (La.App. 4 Cir. 9/25/13), 125 So.3d 1248, 1250; see also In re A.J.F., 00-0948 (La. 6/30/00), 764 So.2d 47, 61 (“an appellate court cannot set aside a juvenile court’s findings of fact in the absence of manifest error or unless those findings are clearly wrong”); Rosell v. ESCO, 549 So.2d 840, 844 (La.1989) (“if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would, have weighed the evidence differently”). Thus, even where there are two permissible views of the evidence, the fact finder’s choice cannot be clearly wrong and an appellate court may not substitute its opinion for that of the juvenile court | ¿judge “who is in the unique position to see and hear the witnesses as they testify.” In re A.J.F., 764 So.2d at 62.
As previously narrated, Mr. Estopinal testified that C.J. walked into the cafeteria and struck C.E. on the head three times and then, after being removed for five to ten minutes, returned and punched J.B. in the back of the head “once or twice, maybe three times;” both C.E. and J.B. reacted in pain and, according to Mr. Estopinal, the attack was unprovoked. Although appellate counsel suggests that there may have been a prior provocation in a shared dorm room, the defense presented no evidence relating to a prior provocation at the delinquency hearing and, contrary to appellate counsel’s suggestion, the burden was not on the State to prove the absence of any prior provocation.
Accordingly, because we were remiss in omitting reference to the civil standard of review, we grant rehearing for the limited purpose of iterating that under both the “rational fact-finder” (criminal) standard of Jackson v. Virginia and the “clearly wrong-manifest error” (civil) standard of Rosell v. ESCO, the testimony of Mr. Es-topinal supports the trial court judgment adjudicating the juvenile a delinquent.
REHEARING GRANTED FOR CLARIFICATION ONLY.
LOVE, J., dissents and assigns reasons.
LOVE, J., dissents and assigns reasons.
hi respectfully dissent from the majority’s granting of rehearing for clarification only. I would grant the application for rehearing and reverse the trial court’s ruling finding C.J. a delinquent in violation of La. R.S. 14:35.