MADELEINE M. LANDRIEU, Judge.
IgD.H., a juvenile, appeals the trial court’s judgment adjudicating her delinquent of committing theft, a violation of La. R.S. 14:67.10. For the reasons that follow, we reverse the judgment of the trial court.
FACTS AND PROCEEDINGS BELOW
D.H. is a thirteen-year-old straight-A, seventh-grade student and promising athlete. She was arrested, along with her mother,[1] at Rouses Supermarket in New Orleans East for theft of approximately $33.00 worth of meat. After the adjudication hearing, the trial court adjudicated D.H. as delinquent and gave her a public reprimand.
DISCUSSION
In her sole assignment of error, D.H. asserts that the evidence was insufficient to establish the elements of theft beyond a reasonable doubt. We agree.
*1067 Louisiana Children’s Code article 833 states that “[i]n order for the court to adjudicate a child delinquent, the state must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition.” Louisiana 1 --¡Constitution Article V, § 10(B) mandates that an appellate court review both law and facts when reviewing juvenile adjudications. Therefore, as in the review of civil cases, a factual finding made by a trial court in a juvenile adjudication may not be disturbed by an appellate court unless the record evidence as a whole does not furnish a basis for it, or it is clearly wrong. State in the Interest of Batiste, 367 So.2d 784 (La.1979). Thus, we apply the “clearly wrong-manifest error” standard of review to determine whether there is sufficient evidence to satisfy the standard of proof beyond a reasonable doubt. State in the Interest of J.J., 2013-0548, p. 3 (La.App. 4 Cir. 9/25/13), 125 So.3d 1248, 1250.
Louisiana Revised Statute 14:67.10 defines theft of goods as “the misappropriation or taking of anything of value which is held for sale by a merchant, either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations.” Theft is a crime which requires specific intent. State v. Mercadel, 12-0685, p. 10 (La.App. 4 Cir. 7/24/13), 120 So.3d 872, 879. Specific intent is “that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La. R.S. 14:10(1).
The following evidence was adduced at the adjudication hearing.
Karl Thomas, a loss prevention officer at Rouses, testified that he observed D.H. and her mother in the- store with a shopping cart. He noticed two purses and several packages of meat in the top part of the basket, the area where a small child |4would sit. He saw nothing else in the basket. Mr. Thomas testified that D.H. and her mother “eircle[d] around” the cart, and D.H.’s mother concealed the items in the purses. Mr. Thomas stated that he saw the mother put all of the meat into the different purses. On cross-examination, Mr. Thomas reiterated that he did not see D.H. conceal the meat in either of the purses. The mother handed one purse to D.H., and they proceeded to walk out of the store. After D.H. and her mother had proceeded past all points of sale, Mr. Thomas, along with two other employees, identified themselves and asked to speak with the mother regarding the situation. The mother eventually admitted to having stolen items in her purse. Mr. Thomas asked D.H. if there was anything in her purse. D.H. nodded and began crying. Mr. Thomas recovered three packs of steaks from the mother’s purse • and a package of ground meat from D.H.’s purse.[2]
D.H.’s mother testified that she was stopped at Rouses on the day in question because she “had put stuff in [her] purse and in [D.H.’s] purse.”[3] The mother testified that at the time she concealed the items, D.H. was in another aisle. She testified that D.H. did not know that there were stolen items in her purse.
In adjudicating D.H. delinquent, the judge stated, “I don’t think you ever had the intention to go in Rouses and steal from them, but once your mother made *1068 that decision, she pulled you in this.” This factual determination is not in accordance with the adjudication. To adjudicate D.H. delinquent, the judge had to find that IsD.H. possessed the requisite specific intent to commit theft, or steal. We agree with the trial court that the evidence was insufficient to establish that D.H. has this specific intent. Accordingly, the judge erred in adjudicating D-.H. delinquent for committing theft.
CONCLUSION
We find insufficient evidence in the record to support this delinquency adjudication. Therefore, we reverse the juvenile court’s judgment adjudicating D.H. delinquent for the crime of theft.
REVERSED.
BONIN, J., dissents with reasons.
LOBRANO, J., dissents with reasons.

. D.H.'s mother will be identified simply as "mother” to protect the identity of D.H.

. The record is unclear as to how the packages of meat were recovered. However, there was neither an objection to a "search,” nor briefing on this issue.

. D.H.'s mother’s case was nolle prossed by the District Attorney after she paid restitution to Rouses.