DOMENGEAUX, Chief Judge.
Kenard Jermain Metoyer, a juvenile, became the subject of a petition for adjudication based upon his alleged commission of one count of possession of cocaine with intent to distribute, a violation of La.R.S. 40:967, and one count of attempted first degree murder, a violation of La.R.S. 14:27 and 14:30. After a juvenile hearing, the juvenile was found guilty of one count of possession of cocaine with the intent to distribute and one count of attempted second degree murder. Based upon this finding, the trial court adjudged the juvenile delinquent. The juvenile was placed in the custody of the Department of Corrections for a period of time not to exceed his twenty-first birthday. The juvenile now lodges this appeal.
FACTS
On July 27, 1991, Officer Nolan McCool and Officer F.K. Johnson of the Alexandria City Police Department were waiting in the parking lot of a convenience store for two other officers who had gone into the store. While talking with one another, Officers Johnson and McCool observed an Oldsmobile Cutlass vehicle travelling eastbound at an excessive rate of speed. As the Cutlass approached the intersection of Bolton Street and Jackson Avenue, Officer McCool heard a gunshot and observed a muzzle flash from the passenger side of the vehicle. The weapon was pointed directly at Kelvin Brown, who ran to the officers for assistance. Officers McCool and Johnson, joined by the two officers who had returned from the convenience store, pursued the vehicle at a high rate of speed and radioed its description to nearby patrol units. Several other officers, including Officer Shannon Gorum and Officer Betty Fairbanks, were able to stop the Cutlass at the intersection of Bolton Street and Levin Avenue. The juvenile defendant, Kenard Jermain Metoyer, exited the vehicle from its passenger side. A .38 caliber revolver and 18 pieces of a white substance later identified as crack cocaine were found under the passenger seat. The revolver contained five live rounds and one empty chamber.
*76 ERRORS PATENT REVIEW
Although the juvenile’s counsel assigned five errors in the trial court, his brief to this court states that the juvenile now assigns no errors. Instead, he asks this court to review the case for any errors patent.
The juvenile argues as patent error (1) that the juvenile court did not have jurisdiction over him because there was no proof that he was under the age of 17; (2) that the State failed to prove venue; and (3) that the State’s evidence does not exclude the possibility that another person in the car fired the gun.
The three issues raised by the juvenile are not proper considerations under an errors patent review because their resolution requires an inspection of the evidence. See State v. Arceneaux, 520 So.2d 1125 (La.App. 3d Cir.1987). However, we will address these issues because the juvenile has briefed them. Any remaining assignments of error that were filed but not briefed are considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
La.CJ.P. art. 15 A(l) provides that a court exercising juvenile jurisdiction shall have exclusive original jurisdiction over a proceeding in which “a child” is alleged to be a delinquent child. La.C.J.P. art. 13(9)(a) and (b) defines “child” as a person who has not attained 17 years of age or, in delinquency proceedings, as a person who has not attained 21 years of age who committed a delinquent act before attaining 17 years of age.
In the petition for adjudication, the State alleged that the juvenile was 16 years old when he committed the offenses charged. The record also contains copies of two earlier petitions for adjudication which contained the juvenile’s age at the commission of those crimes and his birthdate, which is April 16, 1975. In both of the earlier proceedings, the juvenile was adjudged delinquent by the same judge who presided over the hearing in the instant case. Therefore, the trial court was very familiar with this juvenile and his age.
In State in the Interest of Lewis, 386 So.2d 1079 (La.App. 3d Cir.1980), this court held that a motion to dismiss under La. C.J.P. art. 65 is the proper vehicle for questioning the jurisdiction of a juvenile court because of the juvenile’s age. In Lewis, we held that where the child did not move to dismiss or present any evidence contrary to the State’s allegation of the child’s age, the trial court did not err in finding proof of the child’s age so as to permit the court to exercise jurisdiction. In the instant case, lack of proof of the juvenile’s age was one argument the juvenile’s counsel made at trial on an oral “motion for acquittal.” Although we construe counsel’s motion as an oral motion to dismiss under La.C.J.P. art. 65, we find no error in the trial court’s denial of the motion.
The juvenile next argues the State failed to prove venue. He points out that the alleged delinquent acts occurred in Rapides Parish, but the adjudication hearing was held in Natchitoches Parish. Mrs. Terry Hrapmann, the juvenile’s probation officer, testified that she visited the juvenile at his Natchitoches Parish address. Under La.C.J.P. art. 18 A, the parish in which the child is domiciled is one of the three appropriate venues for a juvenile proceeding. The delinquency proceedings were properly held in Natchitoches Parish under La.C.J.P. art. 18 A.
The juvenile also argues that the State’s evidence did not exclude the possibility that someone else in the car fired the gun. Reviewing the evidence in the light most favorable to the prosecution, we find no merit to this argument.
Officer McCool testified that he saw a vehicle proceeding at a high rate of speed near the intersection of Bolton Street and Jackson Avenue. He saw an arm extend from the passenger side of the vehicle; he heard a single shot fired; and he saw the muzzle flash. Although the car then sped away, it was stopped a few blocks further down on Bolton Street. When the car was stopped by other police officers, a gun was found beneath the passenger seat. The juvenile emerged from the passenger side of the vehicle. The vehicle was apparently *77 never out of the sight of the police officers after the gun was fired, and the suspects were apprehended only a short distance from the shooting. We find the evidence amply supports the trial court’s adjudication of delinquency.
A further review of the record reveals no errors patent.
For the above reasons, the adjudication of delinquency is affirmed.
AFFIRMED.