713 So.2d 810 (1998)
STATE of Louisiana in the Interest of H.L.F. and R.J.T.
No. 97-CA-2651.
Court of Appeal of Louisiana, Fourth Circuit.
May 20, 1998.
*811 Harry F. Connick, District Attorney, Karen Godail Arena, Assistant District Attorney, New Orleans, for Appellee.
Bart Stapert, St. Thomas Community Law Center, New Orleans, for Appellant.
Before SCHOTT, C.J., and BYRNES and MURRAY, JJ.
BYRNES, Judge.
The State of Louisiana filed a petition against the juvenile, H.L.F., alleging that he was delinquent for having committed the crimes of possession with intent to distribute cocaine, a violation of La. R.S. 40:967(B)(1); aggravated assault on Agent L. Veal, a violation of La. R.S. 14:37; and three counts of aggravated battery upon Agents J. Carlton and C. Giarusso, as well as Officer Kevin Stamp, violations of La. R.S. 14:34. Trial was held on all counts except the count of aggravated battery upon Agent Giarusso. The trial judge found the juvenile guilty as charged, adjudged him delinquent and sentenced him to one year on each count, to be served concurrently with credit for time served.[1] Subsequently, the juvenile's motion for a new trial was denied and the State nolle prosequied the count of aggravated battery on Agent C. Giarusso.
On the afternoon of April 16, 1997 the juvenile, H.L.F., was driving two friends when one of the friends saw a woman to whom he wanted to talk. H.L.F. stopped the car at the corner and the front passenger engaged in a conversation with the woman. Alcohol, Tobacco and Firearms Agents Veal and Carlton were parked in an unmarked Mustang approximately one-third of a block from the intersection. The agents believed they observed a drug transaction and decided to make an arrest. Support was called in and arrived in the form of a Chrysler car occupied by Officer Stamp and Agent Giarusso and a Mountaineer occupied by Agents Michael Hutton and Sue Pecora. The Chrysler blocked the front of the vehicle driven by the defendant, the Mountaineer blocked the rear, and the Mustang blocked off another *812 part of the defendant's vehicle. H.L.F., frightened by the flashing lights and sirens was told by his friends to drive off. In his attempts to drive away, the car driven by H.L.F. struck both the Chrysler and the Mustang, both still occupied by officers, but never directly struck the officers themselves. Meanwhile, Agent Veal exited the Mustang and started running towards the scene.
Agent Veal testified that she approached the vehicle occupied by H.L.F. on foot after he backed it into a tree. She further testified that H.L.F. attempted to place the vehicle in drive and revved the engine as if attempting to drive toward Veal, but the car would not move. At this point he and the passengers surrendered. The female who had been standing on the corner, was observed throwing something into the car driven by H.L.F. The officers found one piece of crack cocaine on the front seat, eight pieces in the side console and four pieces in the back seat.
In his first assignment of error the juvenile contends that his conviction for aggravated battery was error because physical contact is an essential element of that crime and he had no direct physical contact with any of the agents. Aggravated battery is a general intent crime, meaning that the State need only prove the offender "must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." State v. Howard, 94-0023, p. 3 (La.6/3/94), 638 So.2d 216; La. R.S. 14:10(2). An automobile, if used in a manner calculated or likely to cause death or great bodily harm, is a dangerous weapon. State v. Trahan, 416 So.2d 65 (La.1982). In Trahan, the Court found sufficient evidence of an aggravated battery where the defendant rammed his car into the victim's car, causing that car to collide into the victim who was standing outside of the car.
In the instant case, the State contends that H.L.F. intentionally collided into two cars in a manner which caused injury to at least one of the victims, Officer Kevin Stamp. It is not necessary for the contact to be between the dangerous weapon and the victim, as long as the dangerous weapon (the car) exerts a force calculated or likely to cause great bodily harm or death to the victim.
On appeal, the standard of review for the sufficiency of evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), i.e., whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the State proved the essential elements of the crime beyond a reasonable doubt, is applicable to juvenile delinquency cases. State v. D.L., 29,789 (La. App. 2 Cir. 6/18/97), 697 So.2d 706. The reviewing court is to consider the record as a whole, and if rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted, and the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305, 1309-10 (La.1988). In applying this standard, the reviewing court must defer to the credibility choices and justifiable inferences of fact made by the fact finder. State v. Stowe, 93-2020 (La.4/11/94), 635 So.2d 168, 171.
In connection with this assignment of error it is significant that the juvenile does not attack the credibility of the prosecution witnesses. The juvenile attacks only the legal conclusion that he can be found guilty of aggravated battery when his car struck only the vehicles occupied by the agents, but did not strike those agents directly. We find that as a matter of law it is not necessary that the offender's vehicle strike the law enforcement agents directly. The State proved its case on the facts, i.e., the record supports a finding that the juvenile intentionally used force or violence upon the victims while armed with a dangerous weapon as required by La. R.S. 14:34.
In his second assignment of error the juvenile contends that the State failed to prove that the juvenile attempted to commit a battery upon Agent Veal or that Agent Veal was in reasonable apprehension of bodily harm as required by La. R.S. 24:37. Agent Veal testified that she was afraid that the juvenile was going to run her down when *813 she heard him rev the engine and attempted to place it in drive as she faced the vehicle. She said that she drew her weapon and was ready to fire in the event that the juvenile attempted to hit her.
The defendant contends that it is unreasonable to infer that a sixteen year old juvenile would attempt to go forward faced with a loaded gun and points to the fact that the car did not move and that the juvenile raised his hands and surrendered. The State counters that Agent Veal's apprehension was reasonable in view of the fact that the juvenile had already rammed two[2] law enforcement vehicles and that the juvenile did not surrender until after it was apparent the car would not go forward. Based upon the record we find that the State's position is based on credibility choices and justifiable inferences of fact made by the trial judge to which we must defer. State v. Stowe, supra.
In his final assignment of error the juvenile argues that even if neither of the above assignments of error is sufficient individually to warrant reversal of the juvenile's conviction, collectively they are sufficient. It may be that an accumulation of errors that are not reversible individually could collectively warrant reversal, but in the instant case we have found no errors. There is no merit to this final assignment of error.
The juvenile also requested this Court to examine the record for errors patent. No statutory provision affirmatively grants courts the authority to review juvenile delinquency proceedings for patent errors; however, La. Ch.C. art. 104 states:
Where procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with:
(1) The Code of Criminal Procedure in a delinquency proceeding and in a criminal trial of an adult.
(2) The Code of Civil Procedure in all other matters.
La.C.Cr.P. art. 920 provides the scope of appellate review as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence.
Pursuant to this article, all appeals, including juvenile cases, are reviewed for errors patent on the face of the record. State in the Interest of A.H., 95-1094 (La.App. 3 Cir. 1/31/96), 670 So.2d 361.
A review of the record shows an error patent in the defendant's sentencing. The sentences of one year on each count running concurrently is legal except for the sentence of one year for aggravated assault where the maximum sentence is six months. A sentence in excess of the statutory maximum sentence may be corrected at any time by an appellate court on review. La.App. C.Cr.P. art. 882; State ex rel. Hebert v. Henderson, 290 So.2d 832 (La.1974). Where the defect in sentencing does not involve the exercise of discretion, the sentence may be corrected on appeal by amendment rather than remand. State v. Riche, 608 So.2d 639 (La.App. 5 Cir.1992), writ denied, 613 So.2d 972 (La.1993). In the present case, considering that the sentence for aggravated assault runs concurrently with the other sentences which are to be served concurrently for one year, the result is the same.
Accordingly, the juvenile's convictions and sentences are affirmed except for the sentence for one count of aggravated assault. The sentence on the aggravated assault is amended to six months running concurrently with the juvenile's other sentences.
CONVICTIONS AFFIRMED; SENTENCE AMENDED IN PART.
MURRAY, J., dissents with reasons.
MURRAY, Judge, dissenting with reasons:
I respectfully dissent from the majority's failure to vacate the conviction for aggravated battery, which specifically requires proof *814 of "the intentional use of force or violence upon the person of another." La. R.S. 14:33. This criminal statute must be strictly construed, with any ambiguity resolved in favor of the accused. State v. Davis, 448 So.2d 645, 653 (La.1984).
Furthermore, the facts in State v. Trahan, 416 So.2d 65 (La.1982), are distinguishable from those here. In Trahan, the deputy was outside of his vehicle when the defendant tried to run him down, and he testified that the defendant's Blazer "struck the [patrol] car then struck me." Thus, there was evidence of physical contact between the defendant's "weapon" and the victim. In the instant case, however, it is clear that although H.L.F. intentionally rammed into the other vehicles, there is no evidence that his car struck the person of the victims. While this juvenile offender thus could be found guilty of aggravated assault, the evidence does not support the charge of aggravated battery.
Because I find that this adjudication should be vacated under the express language of the statute, as in State v. Dauzat, 392 So.2d 393 (La.1980), I must dissent.
NOTES
[1] The State acknowledges in its brief that the one year sentence for aggravated assault is illegal because the maximum sentence for that crime is six months. La. R.S. 14:37.
[2] A careful reading of the record indicates that the defendant may have actually rammed three enforcement vehicles. However, there is no question that he rammed into at least two.