[BAGNERIS, Judge.
Anthony Lewis was charged by bill of information on January 22, 1996, with possession of cocaine with intent to distribute a violation of La. R.S. JO^TIC).[1] At his arraignment on February 6th, he pleaded not guilty. After waiving his right to a jury, the defendant elected a bench trial, and on May 16, 1996, he was found to be guilty as charged. Lewis was sentenced to five years at hard labor on July 8th. The State filed a multiple bill, and after being advised of his Boykin rights, Lewis pleaded guilty to the bill. He was sentenced as a second offender on August 28, 1996, to serve fifteen years at hard labor as a second offender under La. R.S. 15:529.1.
Lewis’ motion for an appeal was granted, although no action was taken in this court until June 27, 1997, when this Court ordered that the trial attorney be removed as counsel of record and new appellate counsel be appointed to prepare an appeal.[2] Instead of an appeal, however, a motion for post-conviction relief was filed on the basis that Lewis was not told the sentencing range before he pleaded guilty to the multiple bill. The defense argued that the habitual offender sentence should be vacated. The trial court agreed with the defense, and at a hearing on November 26, | j.1997, the trial court vacated the fifteen-year multiple bill sentence. The *745 State noticed its intent to take a writ, but it did not do so.
At trial Officer Randy Lewis testified that he was working in an undercover capacity on October 12, 1995, on Dryades Street. The officer had received a complaint on the hotline that a man named Anthony Lewis and a woman named Carmelita were selling narcotics in the 3000 block of Dryades Street.
The complainant described what each of them was wearing; Lewis had on an orange and white-striped shirt and tan pants, and the woman was wearing a white T-shirt and white pants. The complainant also said that the drugs were stored in Lewis’ burgundy Oldsmobile under the headrest on the driver’s side. The woman kept narcotics in a magnetic key box in her right front pants pocket. When the officer went to the 3000 block of Dryades Street, he saw two people who fit the description given. He parked one-half block away and watched them make three or four transactions. Lewis took the money each time. On one occasion Lewis got the narcotics from Carmelita and handed them to the buyer; another time the purchaser paid Lewis and then walked over and got the drugs from Carmelita himself; the third time, a car stopped and Lewis gave the drugs to the driver. Carmelita got the drug from a black box she kept in her pocket. When another woman pulled up in the Lewis’ Oldsmobile, he got in the car and they drove away. Then Lewis returned to the 3000 block of Dryades Street and parked. After observing the transactions, Officer Lewis called his backup team to detain the subjects. When Officer Lewis detained, Carmelita Tyler, he asked her if she had narcotics, and she gave him the black box containing several pieces of crack cocaine. After Lewis was arrested, he was found to have one hundred dollars on his person, and Carmelita Tyler had twenty dollars. Also several hundred dollars was found in the trunk of the Lewis’ car.
LThe parties stipulated that the drugs seized were tested and proved to be crack cocaine. Officer Dwayne Scheuermann testified that he was involved in the arrest of Lewis. The officer stated that he searched Lewis’ car and found $311.00 in cash.
Carmelita Tyler testified that she was arrested on October 26th with Lewis on Dryades Street. She said when she saw Lewis on the street, he asked her for her keys. At that moment a boy on the street warned them that the police were in the next block. Lewis then returned her keys. Immediately thereafter, the police pulled up. Tyler admitted that she had cocaine in a block box in her pocket and that she intended to sell the drug. However, she said that Lewis was not selling drugs with her that day. She said Lewis did not get into his car and leave for a short time; she insisted his car was parked on the street the entire time.
Lewis testified that he was standing in front of a friend’s house waiting for a game of Spades to begin. He learned from a boy on a bike that the police were on the next corner, and he watched the car for fifteen or twenty minutes before he was arrested. He had cashed his $505.00 dollars Social Security check, and that was the money he had when he was arrested. The defendant admitted he had two prior convictions: one for burglary of an inhabited dwelling and one for “a gun charge.”
The State called Officer Scheuermann in rebuttal. He testified that sometime after the arrest of Lewis and Tyler, he saw Tyler on the street. He asked her how her case had come out, and she answered that Lewis wanted her to claim the drugs were hers so that he would not have to go to jail.
At the multiple bill sentencing hearing of August 28, 1996, the trial court did not give Lewis the range of his possible sentence prior to accepting his guilty plea. For a guilty plea to be valid, there must be a showing that the defendant was *746 informed of his basic three rights enunciated in Boykin v. Alabama, 395 U.S. 238, 89 |4S.Ct. 1709, 23 L.Ed.2d 274 (1969); in addition, the defendant must be appraised of the potential range of his sentence in order to make a knowing and intelligent decision to plead guilty. State ex rel. Curry v. Guillory, 441 So.2d 204 (La.1983). Thus, the trial court erred in not pronouncing the sentence range prior to accepting the guilty plea.
In a sole assignment of error, the defense now asks this Court to affirm the trial court’s position as to the multiple bill and order the original sentence of five years reinstated.
In the interest of judicial economy, this Court may consider curing the defect in this case because re-imposing the first sentence does not involve an exercise of discretion; it is merely the reinstatement of the sentence imposed by the trial court. Where a sentencing defect does not involve exercise of discretion, the sentence may be corrected on appeal by amendment rather than remand. State in the Interest of H.L.F. and R.J.T., 97-2651 (La.App. 4th Cir. 5/20/98), 713 So.2d 810; State v. Riche, 608 So.2d 639 (La.App. 5th Cir.1992), writ denied 613 So.2d 972 (La.1993).
Accordingly, Lewis’ conviction is affirmed. Lewis’ five-year sentence is reinstated, and we reserve his right to appeal his sentence.

CONVICTION AFFIRMED; FIVE YEAR SENTENCE REINSTATED.

. The defendant was charged with Carmelita M. Tyler, who pleaded guilty as charged. She received a five year suspended sentence and was placed on two years active probation.

. The Louisiana Appellate Project was appointed to prepare the appeal; however, the defendant's mother hired a private attorney.