JAMES F. McKAY III, Chief Judge.
hOn March 31, 2014, the Orleans Parish Juvenile Court adjudicated R.P. delinquent for the illegal possession of a handgun by a juvenile in violation of La. R.S. 14:95.8. R.P. was sentenced to the Department of Public Safety and Corrections for six months. Three months of the sentence was suspended, and R.P. was given credit for time served. The juvenile court judge further ordered that upon release, R.P. would be “placed under the supervision of the Office of Juvenile Justice on ACTIVE PAROLE for a period of three (3) months.” For the reasons that follow, we affirm the adjudication and disposition subject to the amendment discussed herein.
STATEMENT OF FACTS PROCEDURAL HISTORY
At the adjudication hearing, Detective Kurt Eischen (“Det. Eischen”) with the New Orleans Police Department (“NOPD”) testified that he participated in the arrest of R.P. Det. Eischen stated that on March 2, 2014, he and his partner, Detective Jennifer Payne (“Det. Payne”), were in plain clothes working the 700 block of Canal Street in New Orleans. R.P. walked by the officers smoking a hand-rolled cigar, from which Det. Eischen detected the aroma of burning ^marijuana.[1] Det. Eischen stated that he approached *78 R.P., identified himself as a police officer, and took possession of the hand-rolled cigar. At that point, R.P. let the backpack, which he was seen wearing, slide off his back and then he took off running. Det. Eischen gave chase and quickly apprehended R.P. within the same block of Canal Street. During the chase, Det. Eis-chen somehow lost possession of the hand-rolled cigar. Det. Eischen explained that Det. Payne recovered the backpack where R.P. dropped.it. After R.P. was detained for marijuana possession and resisting arrest, Det. Payne recovered a handgun from the backpack. Det. Eischen identified the backpack, the handgun, and R.P. in open court.
Det. Payne testified that on the night of R.P.’s arrest, she, along with the 8th District narcotics unit, was working in. a plain clothes capacity along Canal Street, tasked with combating criminal activity along the parade route. Det. Payne reiterated Det. Eischen’s testimony that they observed R.P. walk by smoking a hand-rolled cigar that smelled of burning marijuana. Det. Payne observed that R.P. was wearing a black Bob Marley backpack on his back, with both straps around the right and left arms. She explained that the backpack was on R.P.’s back the entire time she observed him. Det. Payne and Det. Eis-chen approached R.P., verbally identified themselves, and exposed their NOPD badges. Det. Payne testified that when Det. Eischen took possession of the hand-rolled cigar, R.P. let the backpack slide off his back and fled. Det. Payne immediately recovered the backpack and maintained possession of it. After R.P. was detained and handcuffed, Det. Payne recovered a semi-automatic nine millimeter handgun from the backpack. R.P. was taken to the 8th District police station. Det. Payne testified that they obtained R.P.’s Uname and date of birth, which they ran through the NOPD computer. At that time, it was discovered that R.P. had an outstanding warrant. Det. Payne identified the handgun, and R.P. in open court.
Following the testimony of Det. Eischen and Det. Payne, and the introduction of the backpack and handgun, R.P. was adjudicated delinquent for the illegal possession of a handgun by a juvenile in violation of La. R.S. 14:95.8. This appeal followed. LAW AND ANALYSIS
In State in the Interest of J.J., 2013-0548, pp. 2-3 (La.App. 4 Cir. 9/25/13), 125 So.3d 1248, 1250, this Court recently reiterated the appellate standard of review in juvenile cases as follows:
In order to adjudicate a child delinquent, the State must prove beyond a reasonable doubt that the child committed the delinquent act alleged in the petition. La. Ch.C. art. 883. The standard for the State’s burden of proof in a juvenile delinquency proceeding is “no less strenuous then the standard of proof required in a criminal proceeding against an adult.” State in the Interest of J.W., p. 3 (La.App. 4 Cir. 6/6/12), 95 So.3d 1181, 1184. As a court of review, we grant great deference to the juvenile court’s factual findings, credibility determinations, and assessment of witness testimony. State ex reí. W.B., 2008-1458, p. 1 (La.App. 4 Cir. 4/22/09), 11 So.3d 60, 61.
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. State in the Interest of T.E., 2000-1810, p. 4 (La.App. 4 Cir. 4/11/01), 787 So.2d 414, 417, citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Jackson stan *79 dard of review is applicable in juvenile delinquency cases. Id.
In addition, La. Const, art. V, § 10(B) mandates that an appellate court review both law and facts when reviewing juvenile adjudications. “While delinquency proceedings may in many ways implicate criminal proceedings, sometimes even mimicking them, they are nonetheless civil in nature.” State in the Interest of D.R., 2010-0405, p. 5 (La.App. 4 Cir. 10/13/10), 50 So.3d 927, 930. |4(Emphasis in the original). Therefore, as in the review of civil cases, a factual finding made by a trial court in a juvenile adjudication may not be disturbed by an appellate court unless the record evidence as a whole does not furnish a basis for it, or it is clearly wrong. State in Interest of KG., 2011-1559, p. 4 (La.App. 4 Cir. 3/21/12), 88 So.3d 1205, 1207, citing State in the Interest of Batiste, 367 So.2d 784 (La.1979); State ex rel. E.D.C., 39,892 (La.App. 2 Cir. 5/11/05), 903 So.2d 571; State in the Interest of S.S., 557 So.2d 407 (La.App. 4 Cir.1990). In sum, we apply the “clearly wrong-manifest error” standard of review to determine whether there is sufficient evidence to satisfy the standard of proof beyond a reasonable doubt.
R.P. asserts that the trial court erred in finding that the State presented sufficient evidence to prove each element of illegal possession of a handgun by a juvenile pursuant to La. R.S. 14:95.8. Specifically, R.P. argues that the State failed to establish beyond a reasonable doubt that R.P. was: 1) carrying a handgun on his person; and 2) under the age of seventeen at the time of the offense.
La. R.S. 14:95.8 A provides: “It is unlawful for any person who has not attained the age of seventeen years knowingly to possess any handgun on his person.” Pursuant to La. R.S. 14:95.8 A, “[c]on-structive possession alone by the juvenile of a handgun is insufficient for a finding beyond a reasonable doubt that a juvenile unlawfully possessed a handgun.” State in Interest of R.D., 2012-0619, p. 4 (La.App. 4 Cir. 10/3/12), 126 So.3d 504, 506, (citing State in the Interest of T.M., 2011-1238 p. 9 (La.App. 4 Cir. 3/28/12), 88 So.3d 1228, 1235 rev’d in part on other grounds, 2012-0964 (La. 12/14/12), 104 So.3d 418).
In the instant case, R.P. acknowledges that the backpack contained the handgun. He maintains, however, that the handgun was not directly on his person. We find no merit in this argument.
In State ex rel. TM, supra, p. 7, 88 So.3d at 1234 (citing State v. Jones, 168 La. 55, 121 So. 300 (La.1929)), we recognized that the carrying of a knapsack, whether suspended from the shoulder or in the hand, which contains a concealed |5weapon, is “on or about his person.” In State in the Interest ofKM., 2010-0649 (La.App. 4 Cir. 9/29/10), 49 So.3d 460, we affirmed an adjudication for the delinquent act of carrying a concealed weapon in a purse pursuant to La. R.S. 14:95 A(l), which provides, in pertinent part, that the illegal carrying of a weapon is “the intentional concealment of any firearm ... on one’s person.” As we stated in State ex rel. TM, supra, p. 9, 88 So.3d at 1234-35, “the requirement of § 95 A(l) (“on one’s person”) and § 95.8 A (“on his person”) are identical and only proof beyond a reasonable doubt of actual possession of a handgun on the person of someone under seventeen-years old can suffice for an adjudication of delinquency under § 95.8 A.”
In the present case, the undisputed testimony .by the arresting officers demonstrated that R.P. wore the backpack, which contained the handgun, securely on his back throughout the entire incident. We find this sufficient to prove that the handgun was on his person pursuant to La. *80 R.S. 14:95.8. Thus, that element of the statute has been satisfied.
R.P. also asserts that the State did not put forth any evidence to prove that he was under the age of seventeen, an essential element of the offense set forth in La. R.S. 14:95.8. We disagree.
The testimony of Det. Payne revealed that R.P.’s name and date of birth were provided during the booking proceedings. R.P.’s date of birth (1/11/98)[2] was thereafter reflected on numerous court records, including: 1) the delinquency petition; 2) the March 6, 2014 judgment for continued custody, ordering that R.P. be detained in the Youth Study Center (R.P. and his mother were present in court | fion March 6, 2014); and 3) the March 10, 2014 judgment remanding R.P. to the Youth Study Center pending the adjudication hearing. Additionally, we note that R.P. did not present any evidence to contradict the State’s allegation of his age, nor did he move to dismiss the proceedings on the basis of lack of jurisdiction due to his age, as he was permitted to do under La. Ch.C. art. 875.
In State in the Interest of Metoyer, 606 So.2d 74, 76 (La.App. 3 Cir.1992), the juvenile argued on appeal that the juvenile court" did not have jurisdiction over him because there was no proof he was under the age of seventeen. However, the record contained the juvenile’s age in the petition for adjudication, as well as in two earlier petitions for adjudication involving that child, with whom the juvenile court was very familiar. Although the juvenile made an oral motion for acquittal at trial, which the appellate court treated as a motion to dismiss, the appellate court found the juvenile court did not err in the denial of the motion, finding proof of the child’s age so as to permit the court to exercise jurisdiction. Id.
In State v. D.L., 29,789, pp. 5-6 (La.App. 2 Cir. 6/18/97), 697 So.2d 706, 709-10, the juvenile contended that the State failed to establish jurisdiction of the juvenile court because it failed to establish his age during its case-in-chief. Citing State in the Interest of Metoyer, supra, the appellate court found that no error patent occurred where the juvenile’s age was included in the delinquency petition but not presented at the hearing. The court noted that the juvenile did not move to dismiss the proceedings on the basis of lack of jurisdiction due to his age, nor did he present any evidence that contradicted the State’s allegation of his age. Id.
Here, we find that the record contains sufficient proof to establish that R.P. was under the age of seventeen at the time of the alleged offense. Thus, we find that all the elements of La. R.S. 14:95:8 were proven beyond a reasonable doubt.
|7Finally, R.P. contends that the juvenile court erred in its disposition by sentencing him to “active parole”. This argument has merit. Clearly, the juvenile court lacked authority to impose a term of three months active parole, and we can only presume that “active probation” was the intended disposition. Nevertheless, we find no need to remand the case to correct this obvious oversight.
As this Court has held, “[wjhere the defect in sentencing does not involve the exercise of discretion, the sentence may be corrected on appeal by amendment rather than remand.” State ex rel. H.L.F., 97-2651, p. 6 (La.App. 4 Cir. 5/20/98), 713 So.2d 810, 813. Thus, we amend the disposition order of the juvenile court to provide for three months active probation rather than active parole.
*81 CONCLUSION
For the foregoing reasons, the juvenile court’s adjudication of delinquency based on a violation of La. R.S. 14:95.8 is affirmed. We amend the disposition to provide for three months active probation rather than active parole, and the disposition is affirmed as amended. The matter is remanded to the juvenile court with instructions to amend the custody order and minutes to reflect this modification.
ADJUDICATION AFFIRMED; DISPOSITION AFFIRMED AS AMENDED; CASE REMANDED WITH INSTRUCTIONS.

. Det. Eischen testified that he worked in narcotics for three years and knew the smell of marijuana.

. R.P. would have been just over sixteen at the time of the offense.