STATE OF LOUISIANA IN      *      NO. 2020-CA-0345
THE INTEREST OF N.S.

         *

             COURT OF APPEAL

         *

             FOURTH CIRCUIT

         *

             STATE OF LOUISIANA

         * * * * * * *

APPEAL FROM
JUVENILE COURT ORLEANS PARISH
NO. 2019-339-02-DQ-F, SECTION "F"
Honorable Mark Doherty, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Paula A. Brown, Judge
Tiffany G. Chase)

Leon Cannizzaro
DISTRICT ATTORNEY
Donna Andrieu
Adele Krieger
DISTRICT ATTORNEY'S OFFICE
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

        COUNSEL FOR THE STATE OF LOUISIANA/APPELLEE

Sherry Watters
LOUISIANA APPELLATE PROJECT
P. O. Box 58769
New Orleans, LA 70158

        COUNSEL FOR DEFENDANT/APPELLANT

                 **AFFIRMED AS AMENDED**
                 **OCTOBER 5, 2020**

In this delinquency case, N.S. appeals her adjudication and juvenile life sentence for carjacking. For the following reasons, the disposition is amended to remove the four-year restriction on modification, and the matter is affirmed as amended.

**<u>FACTS</u>**

On December 3, 2019, N.S., along with fellow juveniles, M.R. and M.S., were in a French Quarter parking lot when they approached the victim and requested a ride to the Seventh Ward. They claimed that they were sisters and that their grandmother had just died. Upon entering the vehicle's back seat, M.R. was observed limping and explained that her leg was broken. After reaching their requested destination, M.R. asked for assistance getting out of the vehicle. When the victim exited the vehicle to assist, one of the girls ran away. At that time, the victim became suspicious that something was awry and returned back to the driver's seat of her vehicle. She locked the doors as the two remaining girls ran away. When she attempted to start her car to leave, the victim noticed that her keys were gone and a cellular phone was left behind.

Shortly thereafter, all three girls returned demanding that the victim exit the vehicle and return the phone. They were banging on the windows and using the victim's car remote to unlock the vehicle. The victim continuously re-locked the door from inside of the vehicle as she explained that she would trade the phone for her keys. Eventually, the three girls were successful in opening the door. They physically removed the victim from the vehicle by beating, punching and pulling clumps of the victim's hair out.

When the victim was on the ground, N.S. jumped into the driver's seat and started the car in an attempt to flee. Meanwhile, the other two girls dove into the passenger area. The victim jumped onto the hood, prompting one of the juveniles to throw a metal water bottle at her. The bottle hit her in the face and busted her lip. N.S. slowed the vehicle allowing the victim to roll off and fall onto the ground. They drove several blocks until they crashed and police arrived. Later, the victim identified all three juveniles at the scene. As a result of the on-scene identification, N.S. was arrested.

## PROCEDURAL BACKROUND

On December 5, 2019, the State filed a delinquency petition charging N.S. and her co-defendants with one count of carjacking,[1] a violation of La. R.S. 14:64.2.[2] N.S. and her cohorts attempted to enter guilty pleas; however, the pleas

---

[1] Along with N.S., M.R. and M.S. were charged as juvenile co-defendants.
[2] La. R.S. 14:64.2 states:
  A. Carjacking is the intentional taking of a motor vehicle, as defined in R.S. 32:1(40), belonging to another person, in the presence of that person, or in the presence of a passenger, or any other person in lawful possession of the motor vehicle, by the use of force or intimidation.
  B. Whoever commits the crime of carjacking shall be imprisoned at hard labor for not less than two years and for not more than twenty years, without benefit of parole, probation, or suspension of sentence.

were rejected by the trial court.[3]  After a two-day trial, the trial court adjudicated

N.S. delinquent for the offense of carjacking.  Following a disposition hearing, the

trial court sentenced N.S. to be committed to the Office of Juvenile Justice until

her twenty-first birthday.[4]  It further restricted modification of the disposition for a

period of four years.  This appeal followed.

## ERROR PATENT REVIEW

## ILLEGAL DISPOSITION

After an errors patent review, we find that the trial court erred in imposing a

four-year restriction on modification to the disposition.  *See State in the Interest of*

*J.T.*, 11-1646, p. 24 (La. App. 4 Cir. 5/6/12), 94 So.3d 847, 862 (an illegal

disposition is an error patent in juvenile delinquency cases).

The Louisiana Children's Code enumerates specific felony-grade delinquent

acts whose associated dispositions prohibit modification for a fixed period.  *See*

La. Ch.C. art. 897.1.[5]  The settled doctrine of *Expressio Unius est Exclusio Alterius*

---

[3] This Court denied writs as to the rejection of all of the juveniles' guilty pleas.  *See* State in the Interest M.R., et al., 2020-C-0048 (La. App. 4th Cir. 1/16/2020).

[4] After four years, N.S. will have the opportunity to modify the disposition provided certain criteria are met.

[5] La. Ch.C. art. 897.1 states, in pertinent part:

> A. After adjudication of a felony-grade delinquent act based upon a violation of R.S. 14:30, first degree murder or R.S. 14:30.1, second degree murder, the court shall commit the child who is fourteen years or older at the time of the commission of the offense to the custody of the Department of Public Safety and Corrections to be confined in secure placement until the child attains the age of twenty-one years without benefit of parole, probation, suspension of imposition or execution of sentence, or modification of sentence.
> B. After adjudication of a felony-grade delinquent act based upon a violation of R.S. 14:42, first degree rape, or R.S. 14:44, aggravated kidnapping, the court shall commit the child who is fourteen years or older at the time of the commission of the offense to the custody of the Department of Public Safety and Corrections to be confined in secure placement until the child attains the age of twenty-one years without benefit of probation or suspension of imposition or execution of sentence.
> C. After adjudication of a felony-grade delinquent act based upon a violation of R.S. 14:64, armed robbery, the court shall commit the child who is fourteen years of age or older at the time of the commission of the offense to the custody of the

dictates that when the legislature specifically enumerates a series of items, the omission of other items is deemed intentional. *See International Paper Co., Inc. v. Hilton*, 07-0290, pp. 19-20 (La. 10/16/07), 966 So.2d 545, 558-59 (citations omitted); *State in Interest of J.D.*, 13-0964, pp. 8-9 (La. App. 4 Cir. 11/27/13), 129 So.3d 831, 836. Implicitly observing this principle, the Third Circuit noted that, outside of La. Ch.C. art. 897.1, no other limitations on modification exist within the Children's Code. *State in the Interest of D.B.*, 14-0085, pp. 12-13 (La. App. 3 Cir. 5/17/14), 141 So.3d 296, 304 (citation omitted) (finding juvenile court erred in ordering first three years of custody to be served without benefit of parole based on interpretation of La. Ch.C. art. 898 *in pari materia* with La. Ch.C. art. 897.1)). After examining other relevant provisions of the Children's Code and the Revised Statutes, the Third Circuit concluded that it was error for a juvenile court to impose a disposition without benefit of modification for a circumstance not within the scope of La. Ch.C. art. 897.1.[6] *State in the Interest of D.B.*, 14-0085, pp. 13-15, 141 So.3d at 305-06. We agree.

---

Department of Public Safety and Corrections to be confined in secure placement without benefit of probation or suspension of imposition or execution of sentence.
D. Juveniles in secure care for an adjudication for a violation of R.S. 14:42 or 44 shall be eligible for modification after serving thirty-six months of the disposition. Juveniles in secure care for an adjudication for a violation of R.S. 14:64 shall be eligible for modification after serving thirty-six months of the disposition or, if the disposition is less than thirty-six months, two-thirds of the disposition.
E. A motion for modification of a disposition shall be filed pursuant to Article 910 et seq. and a contradictory hearing shall be set no sooner than thirty days from the date of notice to the district attorney.

[6] Specifically, La. Ch.C. arts. 897, 898, 901, and 909 contain language emphasizing the dispositions for offenses enumerated in La. Ch.C. art. 897.1 are unique in their prohibition on modification for a fixed period. The legislature makes this expressly clear in La. R.S. 15:906(C):

In cases governed by Children's Code Article 897.1, it is hereby declared to be the public policy of this state that commitment to the custody of the Department of Public Safety and Corrections for confinement in secure placement without benefit of parole, probation, suspension of imposition or execution of sentence, or modification of sentence, is necessary and proper because for these very serious offenses the protection of society is the primary objective. The goal of such confinement is rehabilitative, as rehabilitation furthers public safety.

4

The instant offense, carjacking, is not one of the offenses enumerated in La. Ch.C. art. 897.1. As such, the trial court erred in imposing a four-year restriction on modification to the disposition. Accordingly, we amend the judgment of disposition to remove the four-year restriction on modification.[7] *See State in Interest of H.L.F.*, 1997-2651, p. 6 (La. App. 4 Cir. 5/20/98), 713 So.2d 810, 813 (citation omitted) ("[w]here the defect in [disposition] does not involve the exercise of discretion, the [disposition] may be corrected on appeal by amendment rather than remand.").

## DISCUSSION

## GRAND JURY REQUIREMENT

On appeal, N.S. raises issues concerning: 1) the proper institution of proceedings, and 2) excessive sentence. First, N.S. argues that since the State was seeking a juvenile life sentence, it was required to institute prosecution by grand jury indictment rather than by delinquency petition. As a result, she requests that her adjudication and sentence be vacated and the case remanded. We disagree.

La. Const. Art. I, §15 requires a grand jury indictment when a defendant is being charged with a capital crime or a crime punishable by life imprisonment. La. Const. Art. I, §15 states, in pertinent part: "Prosecution of a felony shall be

---

[7] Additionally, the trial court failed to notify N.S of the time period to file post-conviction relief as provided by La. C.Cr.P. art. 930.8. However, an appellate court may correct this error by informing the juvenile of the prescriptive period. *See State in Interest of B.D.*, 13-760, p. 8 (La. App. 5 Cir. 4/23/14), 140 So.3d 308, 313, *writ denied*, 14-1093 (La. 1/9/15), 157 So.3d 597. Therefore, this Court hereby notifies N.S. that an application for post-conviction relief must be filed within two years of the finality of the adjudication and disposition. *See* La. C.Cr.P. art. 930.8.

initiated by indictment or information, but no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury."

Contrary to the adult system, the juvenile system is unique in that the proceedings are non-criminal or civil in nature, and the focus is on rehabilitation rather than punishment. *State ex rel. D.J.*, 01-2149, p. 4 (La. 5/14/02), 817 So.2d 26, 29 (citation omitted). To that end, the Louisiana Children's Code provides the procedural mechanisms by which delinquency proceedings shall be instituted. In particular, La. Ch.C. art. 842 states, in relevant part: "A delinquency proceeding shall be commenced by a petition." *Id*. The Children's Code further provides for the discretionary transfer of jurisdiction to district court when a juvenile, who is fifteen years or older, is charged with specifically enumerated crimes that carry either an adult life sentence or lengthy sentence. *See* La. Ch.C. art. 305. In such cases, the juvenile is tried as an adult in district court and must be charged by indictment if the conviction requires an adult life sentence as set forth in La. Const. Art. I, §15 and La. Ch.C. art. 305(A).[8] In instances when the enumerated crime

---

[8] La. Ch.C. art. 305 states:

A.(1) When a child is fifteen years of age or older at the time of the commission of first degree murder, second degree murder, aggravated or first degree rape, or aggravated kidnapping, he is subject to the exclusive jurisdiction of the juvenile court until either:

(a) An indictment charging one of these offenses is returned.

(b) The juvenile court holds a continued custody hearing pursuant to Articles 819 and 820 and finds probable cause that he committed one of these offenses, whichever occurs first. During this hearing, when the child is charged with aggravated or first degree rape, the court shall inform him that if convicted he shall register as a sex offender for life, pursuant to Chapter 3-B of Title 15 of the Louisiana Revised Statutes of 1950.

(2) Thereafter, the child is subject to the exclusive jurisdiction of the appropriate court exercising criminal jurisdiction for all subsequent procedures, including the review of bail applications, and the court exercising criminal jurisdiction may

does not require a life sentence, the district attorney has the discretion to file a

petition in juvenile court or file a bill of information or indictment in criminal

court. La. Ch.C. art. 305(B).[9]  Under these safeguards, the protections of La.

---

order that the child be transferred to the appropriate adult facility for detention prior to his trial as an adult.

Additionally, a red flag appears when KeyCiting this provision due to jurisprudence which overruled certain portions of the article; however, this jurisprudence has no application to the instant case.

[9] La. Ch.C. art. 305(B) provides, in pertinent part:

(1) When a child is fifteen years of age or older at the time of the commission of any of the offenses listed in Subparagraph (2) of this Paragraph, he is subject to the exclusive jurisdiction of the juvenile court until whichever of the following occurs first:

(a) An indictment charging one of the offenses listed in Subparagraph (2) of this Paragraph is returned.

(b) The juvenile court holds a continued custody hearing and finds probable cause that the child has committed any of the offenses listed in Subparagraph (2) of this Paragraph and a bill of information charging any of the offenses listed in Subparagraph (2) of this Paragraph is filed. During this hearing, when the child is charged with forcible or second degree rape or second degree kidnapping, the court shall inform him that if convicted he shall register as a sex offender for life, pursuant to Chapter 3-B of Title 15 of the Louisiana Revised Statutes of 1950.

(2)(a) Attempted first degree murder.

(b) Attempted second degree murder.

(c) Manslaughter.

(d) Armed robbery.

(e) Aggravated burglary.

(f) Forcible or second degree rape.

(g) Simple or third degree rape.

(h) Second degree kidnapping.

(i) Repealed by Acts 2001, No. 301, § 2.

(j) Aggravated battery committed with a firearm.

(k) A second or subsequent aggravated battery.

(l) A second or subsequent aggravated burglary.

(m) A second or subsequent offense of burglary of an inhabited dwelling.

(n) A second or subsequent felony-grade violation of Part X or X-B of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950 involving the manufacture, distribution, or possession with intent to distribute controlled dangerous substances.

(3) The district attorney shall have the discretion to file a petition alleging any of the offenses listed in Subparagraph (2) of this Paragraph in the juvenile court or, alternatively, to obtain an indictment or file a bill of information. If the child is being held in detention, the district attorney shall make his election and file the indictment, bill of information, or petition in the appropriate court within thirty calendar days after the child's arrest, unless the child waives this right.

(4) If an indictment is returned or a bill of information is filed, the child is subject to the exclusive jurisdiction of the appropriate court exercising criminal jurisdiction for all subsequent procedures, including the review of bail

Const. Art. I, §15 are afforded to the juvenile when being tried in the adult criminal system, wherein they are subjected to capital punishment or a life sentence.

At the time of the commission of the instant offense, N.S. was under fifteen. The sentencing range was two to twenty years, not life. Moreover, the maximum sentence could not exceed twenty years or N.S.'s twenty-first birthday pursuant to La. Ch.C. art. 898,[10] effectively eliminating any potential life sentence. Also, the crime of carjacking is not among the enumerated offenses that would qualify for a transfer to adult criminal jurisdiction or require a bill of indictment under La. Const. Art. I, §15 and La. Ch.C. art. 305 because it is not a capital offense and does not carry a life sentence. As such, N.S.'s argument that an indictment was required under the constitution is misplaced. For these reasons, we find that the filing of a petition to institute juvenile delinquency proceedings in the instant matter was procedurally and constitutionally appropriate.

---

applications, and the district court may order that the child be transferred to the appropriate adult facility for detention prior to his trial as an adult.

[10] La. Ch.C. art. 898 states, in pertinent part:
> A. Notwithstanding any other provision of law to the contrary, no judgment of disposition shall remain in force for a period exceeding the maximum term of imprisonment for the felony forming the basis for the adjudication. The court shall give a child credit for time spent in secure detention prior to the imposition of disposition.
>
> ***
>
> E. These maximums do not apply if:
>
> ***
>
> (5) The child reaches age twenty-one.

**EXCESSIVE SENTENCE**

Second, N.S. claims that her sentence is constitutionally excessive. In particular, she argues that the trial court abused its discretion in failing to order a pre-disposition investigation and in imposing the maximum sentence.

A juvenile has the same constitutional rights against excessive punishment as guaranteed to criminal defendants in the adult code. *See* La. Ch.C. art. 808;[11] *State in Interest of D.L.S.,* 30,322, p. 11 (La. App. 2 Cir. 1/21/98), 706 So.2d 187, 193. Article 1, Section 20 of the Louisiana Constitution provides that "[n]o law shall subject any person . . . to cruel, excessive, or unusual punishment." Although within the statutory limits, a sentence is constitutionally excessive if it is "grossly out of proportion to the severity of the crime" or is "nothing more than the purposeless and needless imposition of pain and suffering." *State v. Brogdon*, 457 So.2d 616, 625 (La. 1984). A trial judge has broad discretion when imposing a sentence, and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. In addressing a constitutional excessiveness claim, the relevant issue is "not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion." *State v. Smith*, 01-2574, p. 7 (La. 1/14/03), 839 So.2d 1, 4.

When a juvenile appeals her disposition as being excessive, the appellate court must first review the record to determine whether the juvenile court has

_____

[11] La. Ch.C. art. 808 states: "All rights guaranteed to criminal defendants by the Constitution of the United States or the Constitution of Louisiana, except the right to jury trial, shall be applicable in juvenile court proceedings brought under this Title."

imposed the least restrictive disposition that is consistent with the circumstances of the case, the child's needs, and the best interest of society. *See* La. Ch.C. arts. 683[12] and 901;[13] *State ex rel. D.M.*, 02-2528, pp. 9-10 (La. App. 4 Cir. 7/2/03), 851 So.2d 1216, 1222. Commitment of the child to the custody of the Department of Public Safety and Corrections may be appropriate under any of the following

---

[12] La. Ch.C. art. 683 states:

    A. The court shall impose the least restrictive disposition of the alternatives enumerated in Article 681 which the court finds is consistent with the circumstances of the case, the health and safety of the child, and the best interest of society.

    B. The court shall place the child in the custody of a relative unless the court has made a specific finding that such placement is not in the best interest of the child. The court shall give specific written reasons for its findings, which shall be made a part of the record of the proceeding.

    C. If the court commits a child to a private institution or agency, it shall select one that has been licensed under state law, if licensure is required by law for such an institution or agency. When no institution, social agency, or association so licensed for care or placement of children is available to the court, the court may commit the child to some other institution, social agency, or association which in the court's judgment is suitable for such child.

    D. In committing a child to the custody of an individual or a private agency or institution, the court shall, whenever practicable, select a person, agency, or institution of the same religious affiliation as the child or his parents.

    E. A child shall not be committed to a public or private mental institution or institution for persons with mental illness unless the court finds, based on psychological or psychiatric evaluation, that the child has a mental disorder, other than an intellectual disability, which has a substantial adverse effect on his ability to function and requires care and treatment in an institution. When the child is in the custody of the state of Louisiana, this finding shall not be made without the representation of the child by an attorney appointed from the Mental Health Advocacy Service, unless such attorneys are unavailable as determined by the director or the child retains private counsel who shall represent only the interest of the child. The Mental Health Advocacy Service's attorney so appointed shall continue to represent the child in any proceeding relating to admission, change of status, or discharge from the mental hospital or psychiatric unit. Upon modification of the disposition to a placement other than a mental hospital or psychiatric unit, the Mental Health Advocacy Service's attorney shall be relieved of representation of the child.

    F. A child shall not be committed to a public or private institution for persons with intellectual disabilities unless the court finds, based on psychological or psychiatric evaluation, that the child has an intellectual disability and such condition has a substantial adverse effect on his ability to function and requires care and treatment in an institution.

[13] La. Ch.C. art. 901 (B) states: "Except as provided in Article 897.1, the court should impose the least restrictive disposition authorized by Articles 897 through 900 of this Title which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society."

circumstances: (1) there is an undue risk that during a period of a suspended commitment or probation the child will commit another crime; (2) the child is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment; (3) a lesser disposition will deprecate the seriousness of the child's delinquent act; and (4) the delinquent act involved the illegal carrying, use, or possession of a firearm. La. Ch.C. art. 901(C). In imposing a disposition, the trial court is required to indicate in the record consideration of the statutory disposition guidelines. La. Ch.C. art. 903(A). "Following that determination, the reviewing court need only explore for constitutional excessiveness in light of the circumstances of the case and the background of the juvenile." *State ex rel. D.M.*, 02-2528, p. 10, 851 So.2d at 1222 (internal quotation and citation omitted).

The maximum term of imprisonment for carjacking is twenty years. La. R.S. 14:64.2. As discussed, the Children's Code limits the term of incarceration for a juvenile adjudicated delinquent to the maximum sentence for the offense or the date the child attains the age of twenty-one years. La. Ch.C. art. 898(E)(5). N.S. committed the instant offense days before her fourteenth birthday. Thus, she faced a potential disposition term of approximately seven years. The juvenile court sentenced N.S. to juvenile life, which is the maximum possible sentence.

N.S. argues that the juvenile court abused its discretion by failing to order a pre-disposition investigation and sentencing her to the maximum sentence when she was a young, first offender. She argues that the length of her sentence and

11

placement in secure care were not the least restrictive sentence; the sentence was a needless imposition of pain and suffering; and that the trial court misapplied the Article 901 guidelines.[14]

At the outset, the Children's Code does not mandate a pre-disposition report, rather it affords the trial court discretion in ordering any reports that will assist in making a fair disposition. *See* La. Ch.C. art. 888;[15] *State ex rel. D.C.*, 11-400, 2011 WL 3658414, at *7 (La. App. 1st Cir. 6/10/2011). Here, the trial court noted on the record that it did not find these types of reports particularly helpful in imposing a disposition.

As to the disposition, the record reveals that the trial court adequately articulated a factual basis for the sentence after considering Article 901 guidelines. During the disposition hearing, the State presented the testimony of the victim. The victim testified that she was physically, emotionally and mentally traumatized from the carjacking. She further testified that she wants them to understand that they could have killed her and that she will be affected by this incident for the rest of her life.

The defense presented Dr. Sarah Deland and Trianon Dyer.[16] Dr. Deland, an expert in psychiatry, testified that an adolescent's brain is not fully developed

---

[14] N.S. also takes issue with the trial court's denial of her second, oral motion for a continuance to retain a mental health expert. However, given that N.S. did not raise an objection during the disposition hearing, this issue is not preserved for appellate review.

[15] La. Ch.C. art. 888(A) stated: "Following the adjudication, the court **may** order such physical and mental examination and evaluation of the child as may be helpful in determining a fair and just disposition." (emphasis supplied).

[16] Dania Dupass, a counselor at the JJIC, testified and submitted a letter as to N.S.'s good behavior since arriving at the JJIC.

which can inhibit impulse control, feelings of empathy and consequential thinking. She further testified that for rehabilitation purposes earlier intervention is better. Ms. Dyer, a social worker for the Juvenile Justice Intervention Center (JJIC), testified that she worked with N.S. during the 2017-18 school year and is now assigned her case at the JJIC. She testified that N.S. had trouble with conflict, impulsivity and school attendance as a result of her home environment. Upon finding N.S.'s family was in need of assistance, Ms. Dyer provided resources for food, uniforms, transportation and behavioral counseling for N.S. Since being in secure care, N.S. was diagnosed with ADHD and treated with medication and counseling and education on coping and calming skills. Her behavior improved drastically as a result of the counseling and structure provided at the JJIC.

In committing N.S. to custody, the trial court recited lengthy oral and written reasons considering all of the necessary guidelines under Article 901(C).[17] It recounted the facts of the crime in great detail, concerned that N.S., along with her co-defendants, concocted and executed a plan to steal a car, from an unsuspecting adult. The trial court expressed serious public safety concerns given that her first offense was such a serious and unforeseeable crime. It further pointed to N.S.'s marked behavioral improvement while in the JJIC in support of its finding that N.S. was in need of correctional treatment in a custodial environment. Finally, the trial court found that N.S. "recklessly endangered the victim's life, [her] own li[fe],

_____

[17] Before deciding against probation or suspension, the trial court also weighed the pertinent factors set forth in Article 901(D).

and the lives of innocent people on the street" and a lesser sentence would deprecate the seriousness of the offense.

Considering the record, there is an adequate factual basis for the disposition imposed. Moreover, the disposition is not grossly out of proportion to the severity of the crime, nor a purposeless or needless imposition of pain and suffering. Accordingly, we do not find that the sentence was excessive or that the trial court abused its wide discretion when sentencing N.S.

## CONCLUSION

For the reasons discussed, the disposition is amended to remove the four-year restriction on modification, and the matter is affirmed as amended.

**AFFIRMED AS AMENDED**